1  ANNA ERICKSON WHITE (CA SBN 161385)
   AWhite@mofo.com
2  ROBERT L. CORTEZ WEBB (CA SBN 274742)
   RWebb@mofo.com
3  SU-HAN WANG (CA SBN 284863)
   SWang@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522

7  Attorneys for Defendants
   Sunrun Inc., Lynn Jurich, Robert Komin, Edward Fenster,
8  Jameson McJunkin, Gerald Risk, Steve Vassallo, and Richard
   Wong

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE COHEN, DAVID MOSS, and ROXANNE XENAKIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN INC., LYNN JURICH, ROBERT KOMIN, EDWARD FENSTER, JAMESON MCJUNKIN, GERALD RISK, STEVE VASSALLO, RICHARD WONG, CREDIT SUISSE SECURITIES (USA) LLC, GOLDMAN, SACHS & CO., MORGAN STANLEY & CO. LLC, MERRILL LYNCH, PIERCE FENNER & SMITH INCORPORATED, RBC CAPITAL MARKETS, LLC, KEYBANC CAPITAL MARKETS INC., and SUNTRUST ROBINSON HUMPHREY, INC.,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION**<br><br>Removed from the Superior Court of California, County of San Mateo<br><br>Case No. CIV 538304 |

# NOTICE OF REMOVAL

**TO THE CLERK OF THIS COURT, PLAINTIFFS, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 15 U.S.C. § 77v(a), defendants Sunrun Inc. ("Sunrun"), Lynn Jurich, Bob Komin, Edward Fenster, Jameson McJunkin, Gerald Risk, Steve Vassallo, and Richard Wong (the "Sunrun Defendants") hereby remove the above-captioned state court civil action currently pending in the Superior Court of California, County of San Mateo, to the United States District Court for the Northern District of California. In support of this Notice of Removal, the Sunrun Defendants state as follows:

## I. BACKGROUND

1. On April 21, 2016, Plaintiffs George Cohen, David Moss, and Roxanne Xenakis filed this civil action in the Superior Court of California, County of San Mateo, captioned *Cohen et al. v. Sunrun Inc., et al.*, Case No. CIV 538304 (the "State Court Action"). True and accurate copies of all process, pleadings, and orders served on the Sunrun Defendants in the State Court Action are attached as Exhibit A.

2. None of the Sunrun Defendant have pled, answered, or otherwise appeared in the State Court Action.

3. Sunrun was served pursuant to California Code of Civil Procedure section 416.10 on April 25, 2016. None of the other Sunrun Defendants have been served in the State Court Action. Plaintiffs initiated service on the other Sunrun Defendants pursuant to California Code of Civil Procedures 415.30 on April 27, 2016. No Sunrun Defendant has completed and returned the Notice and Acknowledgement—Civil form.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), having been filed within 30 days after service of the Summons and Complaint on the Sunrun Defendants.

## II. PROCEDURAL REQUIREMENTS

5. The Sunrun Defendants will promptly serve a copy of this Notice on counsel for Plaintiffs and will file a copy of this Notice with the Clerk of the Superior Court of California,

County of San Mateo, pursuant to 28 U.S.C. § 1446(d).

6. Undersigned counsel certifies that all of the defendants in this action consent to removal.

### III. INTRADISRICT ASSIGNMENT

7. This action is properly removable to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1446(a) because the Superior Court of California, County of San Mateo, in which this case was brought, lies within this district. Pursuant to Northern District of California Civil Local Rule 3-2(c), securities actions like this one "shall be assigned on a district-wide basis."

### IV. JURISDICTION

8. This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 and 15 U.S.C. § 77v(a) because it includes claims arising under the laws of the United States. Specifically, Plaintiffs assert claims against Defendants arising under Sections 11, 12(a), and 15 of the Securities Act of 1933 (the "Securities Act"). (Compl. ¶ 1.)

9. Since this is a civil action for which the Court has original jurisdiction under 28 U.S.C. § 1331, it is removable under 28 U.S.C. § 1441 and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p(c). Under 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

### V. GROUNDS FOR REMOVAL

#### A. Federal Courts Have Exclusive Jurisdiction Over Securities Claims Involving "Covered Class Actions."

10. Federal courts have exclusive jurisdiction over class actions that assert claims under the Securities Act. Section 22(a) of the Securities Act delineates jurisdiction for Securities Act claims. Section 22(a) once provided for concurrent jurisdiction between state and federal courts over Securities Act class actions. 15 U.S.C. § 77v(a) (1933). In 1998, SLUSA amended the

Securities Act to carve out categories of Securities Act cases for which state courts would not have jurisdiction:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in [Section 16] of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a) (emphasis added to reflect SLUSA amendments). The SLUSA amendment removed concurrent state court jurisdiction over "covered class actions"[1] that assert Securities Act Claims. *See Hung v. iDreamsky Tech. Ltd.*, No. 15-2514, 2016 WL 299034, at *4 (S.D.N.Y. Jan. 25, 2016) ("SLUSA could and did remove state court jurisdiction of both federal and state covered class actions"); *Lapin v. Facebook*, No. 12-cv-3195-MMC, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012) ("[F]ederal courts alone have jurisdiction to hear covered class actions raising [Securities Act] claims"); *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) ("SLUSA stripped state courts of subject matter jurisdiction over covered class actions raising [Securities Act] claims"); *Wunsch v. Am. Realty Capital Props.*, No. 14-4007, 2015 WL 2183035, at *1 (D. Md. Apr. 14, 2015); *In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831(PAC), 2009 WL 4067259, at *2 (S.D.N.Y. Nov. 24, 2009).

11. This action is a "covered class action" within the meaning of 15 U.S.C. § 77p(f)(2)(A) because (i) Plaintiffs are seeking the recovery of damages on behalf of himself and a prospective class of other similarly situated persons or entities who purchased or otherwise acquired the common stock of Sunrun pursuant to and/or traceable to the allegedly false and

---

[1] A "covered class action" is defined by the Securities Act as:

> "[A]ny single lawsuit in which … one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members[.]"

15 U.S.C. § 77p(f)(2)(A)(i)(II). A "covered security" is defined to include securities traded on a regulated, national exchange. 15 U.S.C. § 77p(f)(3); 15 U.S.C. § 77r(b)(1).

misleading Registration Statement and Prospectus issued by Sunrun in connection with its initial public offering (Compl. ¶¶ 1, 62); (ii) Plaintiffs allege that common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the class (*Id.* ¶ 66); and (iii) damages are sought on behalf of "thousands" of class members (*Id.* ¶ 63). This action involves a "covered security" because the Sunrun securities were publicly offered and listed on the NASDAQ under the ticker symbol "RUN."

12. The anti-removal provision in Section 22(a) of the Securities Act does not apply here. The anti-removal provision prohibits only removal of cases "brought in any State court of competent jurisdiction." 15 U.S.C. § 77v(a). State courts are not courts of "competent jurisdiction" because they no longer have jurisdiction over covered class actions raising Securities Act claims. In addition, SLUSA amended the provision to hold it inapplicable "as provided in section [16(c) of the Securities Act]." (*Id.*) As discussed in Part V.B, section 16c permits removal of class actions, such as this action. *See also Hung*, 2016 WL 299034, at *2 ("If a state court lacks jurisdiction over a Securities Act case, it is not a court of competent jurisdiction, so the removal bar does not apply and the usual federal removal statute does."

**B.    SLUSA Also Authorizes Removal of Covered Class Actions**

13. Plaintiffs assert in the Complaint that this action is not removable to federal court because the Complaint alleges claims arising solely under the Securities Act. (Compl. ¶ 18.) Plaintiffs are wrong.

14. Section 16(c) of the Securities Act, which was added by SLUSA, provides for removal of "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b)," 15 U.S.C. § 77p(c). Many courts have held that Section 16(c) allows removal of "covered class actions," whether they raise state law claims or only Securities Act claims. *See, e.g.*, *Hung*, 2016 WL 299034, at *3-4, *Lapin*, 2012 WL 3647409 at *3 ("class action brought under the 1993 Act is removable"); *Wunsch*, 2015WL 2183035, at *1 ("class action based upon federal law" is a "covered class action" and is removable); *Knox*, 613 F. Supp. 2d at 425 ("After SLUSA, state courts were no longer 'court[s] of competent jurisdiction' to hear covered class actions raising 1933 Act claims. Thus, the anti-removal provision does not apply to

these covered class actions asserting exclusively federal claims.") (citation omitted); *Rubin v. Pixelplus Co.*, No. 06-CV-2964 (ERK), 2007 U.S. Dist. LEXIS 17671, at *16 (E.D.N.Y. Mar. 13, 2007); *Lowringer v. Johnston*, 3:05 CV316-H, 2005 U.S. Dist. LEXIS 44720, at *12 (W.D.N.C. Oct. 13, 2005). These decisions, which construe Section 16(c) broadly to include Securities Act Claims, avoid creating a "jurisdictional anomaly" which would have "the effect of prohibiting state securities fraud claims in state court, while allowing federal fraud class actions to be litigated there." *Knox*, 613 F. Supp. 2d at 423.

### C. The Legislative History of SLUSA Supports These Grounds for Removal

15. Removal of the State Court Action is also supported by legislative history, which acknowledges that "[t]he purpose of [SLUSA] is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court." *Lapin*, 2012 WL 3647409, at *3 (quoting H.R. Rep. No. 105-803, at 13 (1998) (Conf. Rep.)); *see also Knox*, 613 F. Supp. 2d at 421. Accordingly, federal courts alone have jurisdiction over this covered class action under the Securities Act. *See Hung*, 2016 WL 299034, at *4, *Lapin*, 2012 WL 3647409 at *2; *Wunsch*, 2015 WL 2183035, at *1; *Knox*, 613 F. Supp. 2d at 425. "The premise of [SLUSA] is simple: lawsuits alleging violations that involve securities that are offered nationally belong to Federal court." *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, at 1124 (C.D. Cal. 2003) (quoting 144 Cong. Rec. H11019-01, H11020 (1998) (comments of Rep. Bliley)).

16. While recent Northern District of California cases have held that removal is not proper, their reasoning has been criticized as contrary to the applicable statutory text, legislative intent, and Supreme Court precedent,[2] and other recent authority has decidedly rejected their interpretation of SLUSA. *See, e.g., Hung*, 2016 WL 299034, at *2-3. For the reasons stated above, removal of this action is proper.

---

[2] *See, e.g.,* Mitchell A. Lowenthal & Shiwon Choe, *State Courts Lack Jurisdiction to Hear Securities Act Class Actions, But the Frequent Failure to Ask the Right Question Too Often Produces the Wrong Answer*, 17 U. Pa. J. Bus. L. 739, 740 (2015).

Dated: May 12, 2016

ANNA ERICKSON WHITE
ROBERT L. CORTEZ WEBB
SU-HAN WANG
MORRISON & FOERSTER LLP

By: /s/ Anna Erickson White
    ANNA ERICKSON WHITE

Attorneys for Defendants
SUNRUN INC., LYNN JURICH, BOB KOMIN, EDWARD FENSTER, JAMESON MCJUNKIN, GERALD RISK, STEVE VASSALLO, RICHARD WONG, BEAU PEELLE, EREN OMER ATESMEN, REGINALD NORRIS, WILLIAM ELMORE, FOUNDATION CAPITAL VI, L.P., AND FOUNDATION CAPITAL MANAGEMENT CO. VI, LLC

Notice of Removal of State Court Civil Action

sf- 3653581

7