1   SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
    JOHN T. JASNOCH (CA BAR NO. 281605)
2   707 Broadway, Suite 1000
    San Diego, CA  92101
3   Telephone: (619) 233-4565
    Facsimile: (619) 233-0508
4   jjasnoch@scott-scott.com

5   *Attorneys for Plaintiffs*

6   [Additional counsel appear on signature page.]

7

8

9                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
10                     SAN FRANCISCO DIVISION

11  GEORGE COHEN, DAVID MOSS AND          Case No. 3:16-cv-02570-WHA
    ROXANNE XENAKIS, Individually and on
12  Behalf of All Others Similarly Situated,   San Mateo Superior Court
                                               Case No. CIV538304
13                        Plaintiffs,
                                               PLAINTIFFS' NOTICE OF MOTION AND
14        vs.                                  MOTION TO REMAND; MEMORANDUM
                                               OF POINTS AND AUTHORITIES IN
15  SUNRUN INC, LYNN JURICH, ROBERT        SUPPORT THEREOF
    KOMIN, EDWARD FENSTER, JAMESON
16  MCJUNKIN, GERALD RISK, STEVE          DATE:  AUGUST 11, 2016
    VASSALLO, RICHARD WONG, CREDIT        TIME:   8:00 A.M.
17  SUISSE SECURITIES (USA) LLC,          JUDGE: HON. WILLIAM ALSUP
    GOLDMAN, SACHS & CO., MORGAN          COURTROOM:  8 – 19TH FLOOR
18  STANLEY & CO., LLC, MERRILLY
    LYNCH, PIERCE, FENNER & SMITH,        CLASS ACTION
19  INCORPORATED, RBC CAPITAL
    MARKETS, LLC, KEYBANC CAPITAL
20  MARKETS INC., and SUNTRUST
    ROBINSON HUMPHREY, INC.,
21
                          Defendants.
22

23

24

25

26

27

28
    ───────────────────────────────────────────────
    PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND
                    AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................................1

II.     ARGUMENT ............................................................................................................4

        A.      Legal Standard: Removal Statutes Are Strictly Construed Against
                Removal and Any Doubt as to Removal Favors Remand, for There Is a
                Strong Presumption Against Removal........................................................4

        B.      The Securities Act Removal Bar Warrants Remand....................................5

        C.      SLUSA Did Not Eliminate Concurrent State Court Jurisdiction...........................11

        D.      Plaintiffs Requests Award of Costs and Expenses ................................16

III.    CONCLUSION........................................................................................................17

i

**TABLE OF AUTHORITIES**

**Case**                                                                 **Page**

*Bernd Bildstein IRRA v. Lazard Ltd.*,
    No. 05 CV 3388 (RJD) (RML), 2006 U.S. Dist. LEXIS 61395
    (E.D.N.Y. Aug. 15, 2006) ...........................................................................10

*Breuer v. Jim's Concrete of Brevard, Inc.*,
    538 U.S. 691 (2003) ......................................................................................6

*Buelow v. Alibaba Grp. Holding Ltd.*,
    No. 15-cv-05179-BLF, 2016 U.S. Dist. LEXIS 7444
    (N.D. Cal. Jan. 20, 2016) ..................................................................... *passim*

*Cervantes v. Dickerson*,
    No. 15-cv-3825-PJH, 2015 U.S. Dist. LEXIS 143390
    (N.D. Cal. Oct. 21, 2015) .................................................................3, 5, 10

*City of Birmingham Ret. & Relief Sys. v. MetLife, Inc.*,
    No. 2:12-cv-02626-HGD, 2013 U.S. Dist. LEXIS 147675
    (N.D. Ala. Aug. 23, 2013) ........................................................................10

*City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.*,
    125 F. Supp. 3d 917 (N.D. Cal. 2015) ............................................. *passim*

*Conn. Nat'l Bank v. Germain*,
    503 U.S. 249 (1992) ....................................................................................14

*Desmarais v. Johnson*,
    No. C 13-03666 WHA, 2013 U.S. Dist. LEXIS 153165
    (N.D. Cal. Oct. 22, 2013) ..................................................................... *passim*

*Elec. Workers Local #357 Pension & Health & Wellness Trusts v. Clovis*
    *Oncology, Inc.*,
    No. 16-cv-00933-EMC, 2016 U.S. Dist. LEXIS 60086
    (N.D. Cal. May 5, 2016) ...................................................................... *passim*

*Fortunato v. Akebia Therapeutics, Inc.*,
    No. 15-13501-PBS, 2016 U.S. Dist. LEXIS 57365
    (D. Mass. Apr. 29, 2016) ..........................................................................10

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ...................................................................4, 5

*Harper v. Smart Techs Inc.*,
    No. C 11-5232, 2012 U.S. Dist. LEXIS 191130
    (N.D. Cal. Sept. 28, 2012) ..................................................................3, 6, 10

ii

Page

*Haw. Structural Ironworkers Pension Tr. Fund v. Calpine Corp.*,
 No. 03cv0714 BTM (JFS), 2003 U.S. Dist. LEXIS 15832
 (S.D. Cal. Aug. 27, 2003) ......................................................................................10, 14

*Higginbotham v. Baxter Int'l, Inc.*,
 No. 04 C 4909, 2005 U.S. Dist. LEXIS 12006 (N.D. Ill. May 25, 2005),
 *vacated on other grounds*, No. 04 C 4909, 2005 U.S. Dist. LEXIS 21349
 (N.D. Ill. Sept. 23, 2005) .............................................................................................10

*Hung v. iDreamSky Tech. Ltd.*,
 2016 U.S. Dist. LEXIS 8389 (S.D.N.Y. Jan. 25, 2016) ...............................................9

*In re Tyco Int'l, Ltd., Multidistrict Litig.*,
 322 F. Supp. 2d 116 (D.N.H. 2004)............................................................................10

*In re Waste Mgmt., Inc., Sec. Litig.*,
 194 F. Supp. 2d 590 (S.D. Tex. 2002) ...................................................................10, 16

*Iron Workers Mid-South Pension Fund v. TerraForm Global, Inc.*,
 No. 15-CV-6328-BLF, 2016 U.S. Dist. LEXIS 27753
 (N.D. Cal. Mar. 3, 2016)...........................................................................................2, 16

*Kerley v. MobileIron Inc.*,
 No. 15-cv-04416-VC, Order Granting Motion to Remand
 (N.D. Cal. Nov. 30, 2015)...................................................................................3, 5, 10

*Kircher v. Putnam Funds Tr.*,
 547 U.S. 633 (2006)............................................................................................ *passim*

*Knox v. Agria Corp.*,
 613 F. Supp. 2d 419 (S.D.N.Y. 2009)......................................................................9, 12

*Layne v. CountryWide Fin. Corp.*,
 No. CV 08-3262 MRP, 2008 U.S. Dist. LEXIS 123896
 (C.D. Cal. July 8, 2008) .........................................................................................10, 12

*Libhart v. Santa Monica Dairy Co.*,
 592 F.2d 1062 (9th Cir. 1979) ...................................................................................4, 5

*Liu v. Xoom Corp.*,
 No. 15-cv-00602-LHK, 2015 U.S. Dist. LEXIS 82830
 (N.D. Cal. June 25, 2015) ................................................................................... *passim*

*Luther v. Countrywide Fin. Corp.*,
 195 Cal. App. 4th 789 (2011) ................................................................................12, 13

*Luther v. Countrywide Home Loans Servicing LP*,
 533 F.3d 1031 (9th Cir. 2008) ........................................................................4, 5, 8, 14

iii

Page

*Madden v. Cowen & Co.*,
   576 F.3d 957 (9th Cir. 2009) ........................................................................8, 11, 16

*Moore-Thomas v. Alaska Airlines, Inc.*,
   553 F.3d 1241 (9th Cir. 2009) .................................................................................5

*Nauheim v. Interpublic Grp. of Cos.*,
   No. 02-C-9211, 2003 U.S. Dist. LEXIS 6266
   (N.D. Ill. Apr. 16, 2003) ........................................................................................10

*Niitsoo v. Alpha Natural Res., Inc.*,
   902 F. Supp. 2d 797 (S.D. W.Va. 2012)...................................................... *passim*

*Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*,
   No. SA CV-15-0687-DOC, 2015 U.S. Dist. LEXIS 75355
   (C.D. Cal. June 10, 2015) .......................................................................4, 8, 10, 12

*Pipefitters Local 522 & 633 Pension Tr. Fund v. Salem Commc'ns Corp.*,
   No. CV 05-2730 RGK, 2005 U.S. Dist. LEXIS 14202
   (C.D. Cal. June 28, 2005) .......................................................................................10

*Plymouth Cty. Ret. Sys. v. Model N, Inc.*,
   No. 14-cv-04516-WHO, 2015 U.S. Dist. LEXIS 1104
   (N.D. Cal. Jan. 5, 2015) ...................................................................... *passim*

*Proctor v. Vishay Intertechnology Inc.*,
   584 F.3d 1208 (9th Cir. 2009) ...............................................................................16

*Rajasekaran v. CytRx Corp.*,
   No. CV 14-3406-GHK, 2014 U.S. Dist. LEXIS 124550
   (C.D. Cal. Aug. 21, 2014)..................................................................... *passim*

*Reyes v. Zynga Inc.*,
   No. C 12-05065 JSW, 2013 U.S. Dist. LEXIS 146465
   (N.D. Cal. Jan. 23, 2013) .......................................................................8, 10, 11, 12

*Rosenberg v. Cliffs Natural Res., Inc.*,
   No. 1:14CV1531, 2015 U.S. Dist. LEXIS 48915
   (N.D. Ohio Mar. 25, 2015) .....................................................................................10

*Serrano v. 180 Connect, Inc.*,
   478 F.3d 1018 (9th Cir. 2007) .................................................................................5

*Syngenta Crop Prot., Inc. v. Henson*,
   537 U.S. 28 (2002)...............................................................................................4, 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iv

Page

*Toth v. Envivo, Inc.*,
  No. C 12-5636 CW, 2013 U.S. Dist. LEXIS 147569
  (N.D. Cal. Oct. 11, 2013)....................................................................6, 8, 10, 12

*Toth v. Envivo, Inc.*,
  No. C 12-5636 CW, 2013 U.S. Dist. LEXIS 151767
  (N.D. Cal. Oct. 17, 2013)........................................................................4, 12, 16

*Unschuld v. Tri-S Sec. Corp.*,
  No. 1:06-CV-02931-JEC, 2007 U.S. Dist. LEXIS 68513
  (N.D. Ga. Sept. 14, 2007) ...........................................................................10, 12

*W. Palm Beach Police Pension Fund v. Cardionet, Inc.*,
  No. 10cv711-L (NLS), 2011 U.S. Dist. LEXIS 30607
  (S.D. Cal. Mar. 24, 2011) ...................................................................................10

*W. Va. Laborers Tr. Fund v. STEC Inc.*,
  No. SACV 11-01171-JVS, 2011 U.S. Dist. LEXIS 146846
  (C.D. Cal. Oct. 7, 2011) ..................................................................10, 12, 13, 16

*Williams v. AFC Enters.*,
  No. 1:03-CV-2490-TWT, 2003 U.S. Dist. LEXIS 28623
  (N.D. Ga. Nov. 20, 2003) ...................................................................................10

*Williams v. Taylor*,
  529 U.S. 362 (2000)............................................................................................12

*Wunsch v. Am. Realty Capital Props.*,
  2015 U.S. Dist. LEXIS 48759 (D. Md. Apr. 14, 2015) ........................................9

*Young v. Pac. Biosciences of Cal., Inc.*,
  No. 5:11-cv-05668, 2012 U.S. Dist. LEXIS 33695
  (N.D. Cal. Mar. 13, 2012) .................................................................. *passim*

*Zia v. Med. Staffing Network, Inc.*,
  336 F. Supp. 2d 1306 (S.D. Fla. 2004) ..............................................................10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

**Page**

**Statutes, Rules, and Regulations**

15 U.S.C.
§77p ........................................................................................11, 12, 13, 16
§77p(b) .................................................................................................. *passim*
§77p(c) .................................................................................................. *passim*
§77p(f) .................................................................................................12, 13
§77p(f)(2) ............................................................................................12, 13
§77v .................................................................................................3, 6, 13
§77v(a) .................................................................................................. *passim*
§77v(c) ....................................................................................................12

28 U.S.C.
§1441 ........................................................................................................5
§1441(a) ............................................................................................1, 5, 11
§1447(c) ................................................................................................ *passim*

**Other Authorities**

H.R. Rep. No. 105-640 (1998) ...............................................................15

H.R. Rep. No. 105-803 (1998) ...............................................................15

S. Rep. No. 105-182 (1998) ...............................................................14, 15

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

**NOTICE OF MOTION AND MOTION**

TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on August 11, 2016, at 8:00 a.m. before the Honorable William Alsup, United States District Judge, at the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 8 - 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, George Cohen, David Moss, and Roxanne Xenakis ("Plaintiffs") will move this Court for an order, pursuant to 28 U.S.C. §1447(c), to award Plaintiffs fees and remand this action to the Superior Court of the State of California, County of San Mateo.  This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Proposed Order filed herewith, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

**ISSUES TO BE DECIDED**

1.     Was Defendants'[1] removal of this case to federal court under 28 U.S.C. §1441(a) barred by the Securities Act of 1933 ("Securities Act" or "1933 Act")?

2.     Assuming removal was barred and that this Court therefore lacks subject matter jurisdiction, should this case, pursuant to 28 U.S.C. §1447(c), be remanded to the Superior Court of the State of California, County of San Mateo?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

On May 12, 2016, Defendants removed the action to this Court under 28 U.S.C. §1441(a), which authorizes removal of federal claims "[e]xcept as otherwise expressly provided by Act of Congress."  *See* Notice of Removal of State Court Civil Action (ECF No. 1) ("Defs' Notice" or "Defendants' Notice") at 3.  This action was filed in state court under the express jurisdiction of the

---

[1]     "Defendants" refer to Sunrun Inc. ("Sunrun" or the "Company"), Lynn Jurich, Bob Komin, Edward Fenster, Jameson McJunkin, Gerald Risk, Steve Vassallo, Richard Wong, Beau Peelle, Eren Omer Atesmen, Reginald Norris, William Elmore, Foundation Capital VI, L.P., Foundation Capital Management Co. VI, LLC, Credit Suisse Securities (USA) LLC, Goldman, Sachs & Co., KeyBanc Capital Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, RBC Capital Markets, LLC, and SunTrust Robinson Humphrey, Inc.

1933 Act, and it was removed contrary to the 1933 Act's anti-removal bar and contrary to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), thus imposing unnecessary delay.[2] Removal is improper. Unfortunately, though, the removal has already met its primary – though nonetheless improper – goal.

Indeed, delay is the purpose of this removal and in support of their removal, Defendants recycle the very arguments that judges in the Northern District of California and elsewhere have been uniformly rejecting over and over again. The next-to-the-last remand in the Northern District of California was just two months ago, before Judge Freeman. *See Iron Workers Mid-South Pension Fund v. TerraForm Global, Inc.*, No. 15-CV-6328-BLF, 2016 U.S. Dist. LEXIS 27753, at *17-*18 (N.D. Cal. Mar. 3, 2016) ("*TerraForm*") (Freeman, J.). In *TerraForm*, Judge Freeman awarded plaintiffs fees under 28 U.S.C. §1447(c), holding defendants' "tactics waste the time and resources of all parties and the courts in this district." *Id.*, at *17. And this Court remanded under identical circumstances in *Desmarais v. Johnson*, No. C 13-03666 WHA, 2013 U.S. Dist. LEXIS 153165, at *8-*9 (N.D. Cal. Oct. 22, 2013). Most recently, Judge Chen remanded under identical circumstances in *Elec. Workers Local #357 Pension & Health & Wellness Trusts v. Clovis Oncology, Inc.*, No. 16-cv-00933-EMC, 2016 U.S. Dist. LEXIS 60086 (N.D. Cal. May 5, 2016) ("*Clovis*").

For years now, every judge that has considered the issue in the Northern District of California, and judges elsewhere in the Ninth Circuit and in other circuits across the country, have agreed that the Securities Act strictly forbids the removal of cases like this one brought in state court, and that SLUSA did not eliminate concurrent state court jurisdiction. *See infra* §II.B & nn.4-5. During this time, "'every court in this district to address the issue has granted remand.'" *Buelow v.*

---

[2]     This securities class action was commenced in the Superior Court of the State of California, County of San Mateo, on April 21, 2016, on behalf of all persons who purchased or otherwise acquired the common stock of Sunrun pursuant or traceable to the registration statement and prospectus issued in connection with Sunrun's initial public offering commenced August 5, 2015 (the "Offering"). *See* Defs' Notice, Ex. A Part 2. The action asserts claims solely under §§11, 12(a)(2) and 15 of the Securities Act against Sunrun, certain Sunrun officers and directors, certain venture capital firms subject to liability as control persons, and the underwriters of the Offering.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  *Alibaba Grp. Holding Ltd.*, No. 15-cv-05179-BLF, 2016 U.S. Dist. LEXIS 7444, at *9-*10 (N.D.

2  Cal. Jan. 20, 2016) (Freeman, J.).[3]

3      As **Judge Chen** stated in *Clovis*, defendants' interpretation of the 1933 Act and SLUSA "is

4  without merit."  2016 U.S. Dist. LEXIS 60086, at *14.  And as Judge Koh held in *Liu v. Xoom*

5  *Corp.*, No. 15-cv-00602-LHK, 2015 U.S. Dist. LEXIS 82830 (N.D. Cal. June 25, 2015).

6  "Defendants' position has been soundly rejected in recent years" (*id.* at *9), the arguments

7  defendants make here are "unconvincing" (*id.* at *12), and the "legislative history Defendants cite is

8  hardly overwhelming."  *Id.*  Likewise, **Judge Orrick** held, "removal of the action is barred by the

9  antiremoval provision in section 77v(a)."  *Plymouth Cty. Ret. Sys. v. Model N, Inc.*, No. 14-cv-

10  04516-WHO, 2015 U.S. Dist. LEXIS 1104, at *7 (N.D. Cal. Jan. 5, 2015).  **Judge Chhabria**

11  followed the rulings of Judge Orrick, and Judge Koh, granting remand, in *Kerley v. MobileIron Inc.*,

12  No. 15-cv-04416-VC, Order Granting Motion to Remand (N.D. Cal. Nov. 30, 2015).  *See id.* at 1.

13  Judge Gilliam, in *City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.*, 125 F. Supp.

14  3d 917 (N.D. Cal. 2015) ("Revance"), held "the exception permitting removal does not apply, and

15  Defendants are barred from removing the instant lawsuit to federal court."  *Id.* at 920.  This Court

16  held "[s]ection 77v(a) 'strictly forbids the removal of cases'" such as this one.  *Desmarais*, 2013

17  U.S. Dist. LEXIS 153165, at *8-*9.  So too, did **Judge Freeman**.  *See Buelow*, 2016 U.S. Dist.

18  LEXIS 7444, at *9.  **Judge Davila** echoed, 1933 Act cases such as this one are "prohibited from

19  removal pursuant to §77v."  *Young v. Pac. Biosciences of Cal., Inc.*, No. 5:11-cv-05668, 2012 U.S.

20  Dist. LEXIS 33695, at *11 (N.D. Cal. Mar. 13, 2012).  **Judge Hamilton** held that "the removal bar

21  in §77v(a) (the jurisdictional provision) prohibits removal of" an action like this one.  *Cervantes v.*

22  *Dickerson*, No. 15-cv-3825-PJH, 2015 U.S. Dist. LEXIS 143390, at *10 (N.D. Cal. Oct. 21, 2015).

23  **Judge Armstrong** held that "the 1933 Act's removal bar applies and forecloses removal of" these

24  actions.  *Harper v. Smart Techs Inc.*, No. C 11-5232 SBA, 2012 U.S. Dist. LEXIS 191130, at *13

25  (N.D. Cal. Sept. 28, 2012).  **Judge Wilken** held this type of action is not "'facially removable as a

---

[3]      Citations and footnotes are omitted and emphasis is added unless otherwise noted.

1    federal question.'" *Toth v. Envivo, Inc.*, No. C 12-5636 CW, 2013 U.S. Dist. LEXIS 151767, at *3

2    (N.D. Cal. Oct. 17, 2013).  In *Pac. Inv. Mgmt. Co. LLC v. Am. Int'l Grp., Inc.*, No. SA CV-15-0687-

3    DOC (DFMx), 2015 U.S. Dist. LEXIS 75355 (C.D. Cal. June 10, 2015), **Judge Carter** held that

4    1933 Act cases, like this case, are not precluded under 15 U.S.C. §77p(b), "the state court retains

5    jurisdiction" (*id.* at *19), the "text of the statute" precludes removal (*id.* at *21), and the "action was

6    removed improperly and without jurisdiction."  *Id.* at *22.

7           This case, too, should be remanded, and if possible, without delay, to avoid the harm caused

8    by defendants' tactics of injecting unnecessary passage of time into this action.  Therefore, Plaintiffs

9    respectfully assert this Court lacks jurisdiction and must remand, and requests an order imposing just

10   costs and expenses pursuant to 28 U.S.C. §1447(c).

11   ## II.    ARGUMENT

12          The Securities Act removal bar is dispositive notwithstanding SLUSA.  As this Court, and

13   Judges Wilken, Koh, Armstrong, White, Davila, Hamilton, Chen, Freeman, Orrick, Carter, Gilliam,

14   and Chhabria have held in analogous cases, the Securities Act, 15 U.S.C. §77v(a), prohibits removal

15   of the 1933 Act cases brought in state court and SLUSA does not eliminate concurrent state court

16   jurisdiction of such cases.  *See infra* at 5 & n.4.  Because Defendants removed this action in

17   contravention of the Securities Act and SLUSA, this Court lacks jurisdiction and must remand.

18   ### A.    Legal Standard: Removal Statutes Are Strictly Construed Against
             Removal and Any Doubt as to Removal Favors Remand, for There Is
19           a Strong Presumption Against Removal

20          "The removal jurisdiction of the federal courts is derived entirely from the statutory

21   authorization of Congress."  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.

22   1979).  Because "[t]he right of removal is entirely a creature of statute," "'a suit commenced in a

23   state court must remain there until cause is shown for its transfer under some act of Congress.'"

24   *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).  All such "removal statutes are strictly

25   construed against removal," *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034

26   (9th Cir. 2008), and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of

27   removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart*,

28

1   592 F.2d at 1064).

2       "The 'strong presumption' against removal jurisdiction means that the defendant always has

3   the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.  "If at any time before

4   final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

5   remanded." 28 U.S.C. §1447(c); *Libhart*, 592 F.2d at 1065 ("28 U.S.C. §1447(c) require[s] the court

6   to remand" if it even "appears that the case was removed improvidently").  Thus, "any doubt about

7   the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*,

8   553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566); *Luther*, 533 F.3d at 1034 ("any

9   doubt is resolved against removability").

10      **B.      The Securities Act Removal Bar Warrants Remand**

11      The removal statute Defendants invoke here, 28 U.S.C. §1441(a), authorizes removal of state

12  court actions asserting federal claims, "[e]xcept as otherwise expressly provided by Act of

13  Congress."  "[T]he limiting language – '[e]xcept as otherwise expressly provided by Act of

14  Congress' – thus carv[es] out potential express exceptions to such removal jurisdiction." *Serrano v.*

15  *180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007); *Syngenta*, 537 U.S. at 33 ("The general

16  removal statute, 28 U.S.C. §1441, provides that 'any [such] civil action . . . may be removed' . . .

17  unless Congress specifically provides otherwise.").

18      "The Securities Act of 1933 contains an express removal bar that falls within the exception to

19  §1441(a)." *Rajasekaran v. CytRx Corp.*, No. CV 14-3406-GHK (PJWx), 2014 U.S. Dist. LEXIS

20  124550, at *5 (C.D. Cal. Aug. 21, 2014) (citing *Luther*, 533 F.3d at 1034 ("the Securities Act of

21  1933 provides such an express exception to removal")).  *See also Clovis*, 2016 U.S. Dist. LEXIS

22  60086, *13 ("Undisputedly, that would cover the instant suit."); *Buelow*, 2016 U.S. Dist. LEXIS

23  7444, at *9 (Freeman, J.) ("§77v(a) 'strictly forbids removal of cases brought in state court and

24  asserting claims under the [Securities Act]'"); *Kerley*, No. 15-cv-04416-VC, Order Granting Motion

25  to Remand at 1 (adopting analyses of Judge Koh in *Liu* and Judge Orrick in *Plymouth Cty.*, below);

26  *Cervantes*, 2015 U.S. Dist. LEXIS 143390, at *9 (Hamilton, J.) ("the removal bar in §77v(a) (the

27  jurisdictional provision) prohibits removal of the action"); *Revance*, 125 F. Supp. 3d at 920 (Gilliam,

28

5

1   Jr., J.) ("Defendants are barred from removing the instant lawsuit to federal court."); *Liu*, 2015 U.S.

2   Dist. LEXIS 82830, at *8 ("section 77v(a)'s provision barring removal of 'case[s] arising under this

3   subchapter' prohibits Defendants from removing the instant lawsuit to federal court"); *Plymouth*

4   *Cty.*, No. 14-CV-04516-WHO, 2015 U.S. Dist. LEXIS 1104, at *7 (Orrick, J.) ("removal of the

5   action is barred by the antiremoval provision in section 77v(a)"); *Desmarais*, 2013 U.S. Dist. LEXIS

6   153165, at *8-*9 (Alsup, J.) ("Section 77v(a) 'strictly forbids the removal of'" such cases as this

7   one.); *Harper*, 2012 U.S. Dist. LEXIS 191130, at*13 (Armstrong, J.) ("the 1933 Act's removal bar

8   applies and forecloses removal of the action"); *Young*, 2012 U.S. Dist. LEXIS 33695, at *11 (Davila,

9   J.) ("prohibited from removal pursuant to §77v"); *Toth v. Envivo, Inc.*, No. C 12-5636 CW, 2013

10  U.S. Dist. LEXIS 147569, at *3 (N.D. Cal. Oct. 11, 2013) (Wilken, J.) (15 U.S.C. §77v(a) is "an

11  anti-removal provision").

12          Indeed, the United States Supreme Court has described 15 U.S.C. §77v(a) as an "indisputable

13  prohibition[] of removal." *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 696-97 (2003)

14  (also stating 15 U.S.C. §77v(a) in "'unmistakable terms'" "'give[s] plaintiffs an absolute choice of

15  forum'").  As Judge Orrick stated in *Plymouth Cty.*:

16          The jurisdictional provision placed unqualified concurrent jurisdiction over
        Securities Act claims in both state and federal courts, while the antiremoval
17      provision stated, "No case arising under this subchapter and brought in any State
        court of competent jurisdiction shall be removed to any court of the United States."
18

19  2015 U.S. Dist. LEXIS 1104, at *5.

20          The language in §22(a) of the Securities Act, 15 U.S.C. §77v(a), "broadly prohibits removal

21  of 1933 Act cases brought in state court, with one exception: '[e]xcept as provided in section 77p(c)

22  of this title.'" *CytRx*, 2014 U.S. Dist. LEXIS 124550, at *15-*16 (quoting 15 U.S.C. §77v(a)).  The

23  §77p(c) exception applies only to "covered class action[s] . . . as set forth in subsection (b)," which

24  in turn applies only to "covered class action[s] based upon the statutory or common law of any

25  State." 15 U.S.C. §77p(b)-(c).  Thus, under the plain language of the statute, "no case arising under

26  [the Securities Act] . . . shall be removed" unless "based upon the statutory or common law of any

27  State." 15 U.S.C. §§77v(a), 77p(b).  But this action alleges only claims for violations of the 1933

28

1  Act.  Indeed, the consensus of judges in the Northern District of California and elsewhere in the

2  United States holds that the anti-removal exception does not apply here.  *E.g.*, *Revance*, 125 F. Supp.

3  3d at 920 ("the exception permitting removal does not apply"); *Liu*, 2015 U.S. Dist. LEXIS 82830,

4  at *8 ("the antiremoval exception does not apply").  *See also supra* at 5 (citing orders by additional

5  judges in Northern District of California holding the anti-removal bar applies and not the exception

6  permitting removal); *infra* nn.4-5 (same, including orders by judges throughout the United States).

7          Defendants' Notice ignores the removal bar and asserts "SLUSA amended the Securities

8  Act" (Defs' Notice at 3) and "removed concurrent state court jurisdiction" (*id.* at 4) of the San Mateo

9  County Superior Court.  But this assertion has been rejected by this Court and repeatedly rejected by

10 judges here considering the same argument.  *See Revance*, 125 F. Supp. 3d at 918, 920 (recognizing

11 "concurrent jurisdiction over Securities Act claims" and SLUSA amendments to 1933 Act and

12 holding "[s]ince Plaintiff's complaint alleged only *federal* Securities Act claims, and no claims

13 under state law, the exception permitting removal does not apply, and Defendants are barred from

14 removing the instant lawsuit to federal court") (emphasis in original).  Recently it was Judge

15 Freeman that rejected this old argument:

16          Defendants argue, the state court where this case was initially filed is not a "court of
           competent jurisdiction" for this case and §77v(a)'s anti-removal language is therefore
17         inapplicable here.

18          Considering the statute as a whole, the Court finds Plaintiffs' reading of the statutory
           language more persuasive.  The most straightforward reading of the provisions is that
19         only covered class actions with state law claims can be removed to federal court, as
           provided in §77p(c), and only for the purpose of dismissing the state law claims, as
20         required by §77p(b).

21 *Buelow*, 2016 U.S. Dist. LEXIS 7444, at *7-*8.  *See also Clovis*, 2016 U.S. Dist. LEXIS 60086, at

22 *29 ("the plain language of the statute requires remand").  Likewise, as this Court held in *Desmarais*

23 after analyzing the plain language of SLUSA, "[b]ecause removal was expressly restricted to

24 covered class actions based on state law, as plaintiffs contend, defendants should not have removed

25 the 1933 Act claims here."  *Desmarias*, 2013 U.S. Dist. LEXIS 153165, at *7.  *Accord Plymouth*

26 *Cty.*, 2015 U.S. Dist. LEXIS 1104, at *7 ("because [plaintiff] brings only Securities Act claims, not

27 state law claims, removal of the action is barred by the antiremoval provision in section 77v(a)");

28

                                                    7

1   *Liu*, 2015 U.S. Dist. LEXIS 82830, at *8 (same); *Pac. Inv.*, 2015 U.S. Dist. LEXIS 75355, at *19-

2   *21 (same); *Reyes v. Zynga Inc.*, No. C 12-05065 JSW, 2013 U.S. Dist. LEXIS 146465 (N.D. Cal.

3   Jan. 23, 2013) (White, J.) (same conclusion, analyzing plain language of 1933 Act and SLUSA);

4   *Toth*, 2013 U.S. Dist. LEXIS 147569, at *3-*7 (Wilken, J.) (same); *Young*, 2012 U.S. Dist. LEXIS

5   33695, at *7-*12 (Davila, J.) (same); *CytRx*, 2014 U.S. Dist. LEXIS 124550, at *8 ("The most

6   natural, straightforward reading of these provisions is that only covered class actions based upon

7   state law. . . can be removed to federal court . . . .   Nothing in the plain language of the statute

8   suggests that SLUSA created any other basis for removal . . . .").

9        The numerous district judges that have granted remand of 1933 Act cases find persuasive and

10  instructive the following decisions of the Supreme Court and the Ninth Circuit.  *E.g.*, *Liu*, 2015 U.S.

11  Dist. LEXIS 82830, at *10 (finding plaintiffs' position is supported by dicta from both the Supreme

12  Court and the Ninth Circuit); *Revance*, 125 F. Supp. 3d at 920 (same).  *See also supra* at 5 (citing

13  orders by additional judges in Northern District of California); *infra* nn.4-5 (same, including orders

14  by judges throughout the United States).  In *Kircher*, the Supreme Court analyzed this very statutory

15  language and stated, "we read authorization for the removal in subsection (c) . . . as confined to cases

16  'set forth in subsection (b).'"  *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 642 (2006) (quoting 15

17  U.S.C. §77p(c)).   Thus, the Supreme Court explained, "removal and jurisdiction to deal with

18  removed cases is limited to those precluded by the terms of subsection (b)" and, consequently, if an

19  "action is not precluded [under subsection (b)], the federal court . . . has no [removal] jurisdiction to

20  touch the case on the merits, and the proper course is to remand to the state court that can deal with

21  it."  *Id*. at 643-44.

22       Relying on the Supreme Court's analysis in *Kircher*, the Ninth Circuit has twice reached the

23  same conclusion.  *See Madden v. Cowen & Co.*, 576 F.3d 957, 965 (9th Cir. 2009) ("As the Supreme

24  Court has explained, any suit removable under . . . §77p(c), is precluded under . . . §77p(b), and any

25  suit not precluded is not removable."); *Luther*, 533 F.3d at 1033 (the Securities Act removal bar

26  "strictly forbids the removal of cases brought in state court and asserting claims under the Securities

27  Act").  As the Court in *Niitsoo* stated:

28

8

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1

2

The statements in *Kircher* are not merely relevant dicta from which a lower court can draw parallels in reasoning – these are particularly strong dicta that address the exact issue of statutory interpretation that is before [the Court] today, and that has been before the dozens of district courts that have performed similar analyses in the past.

3

*Niitsoo v. Alpha Natural Res., Inc.*, 902 F. Supp. 2d 797, 803 (S.D. W.Va. 2012).  *See also infra*

4

§II.C.

5

6          Defendants' Notice ignores the substantial authority against it and cites cases and analyses

7      that have been rejected for years now.  But the purported crux of defendants' removal, *i.e.*, that

8      "[f]ederal courts have exclusive jurisdiction over class actions that assert claims under the Securities

9      Act" (Defs' Notice at 3) and "SLUSA . . . removed concurrent state court jurisdiction over 'covered

10     class actions' that assert Securities Act claims" (*id*. at 4) has been repeatedly raised and rejected in

11     this District and across the country.  *See supra* at 6-7; *infra* nn.4-5.  In fact, *Knox v. Agria Corp*., 613

12     F. Supp. 2d 419, 425 (S.D.N.Y. 2009), and the analysis therein has been rejected and discredited for

13     some time now, and the other cases Defendants cite, which rely on *Knox*, have suffered the same

14     fate.  This also goes for the recent out-of-circuit decision that relies on *Knox* and those other

15     criticized cases.  *Hung v. iDreamSky Tech. Ltd*., 2016 U.S. Dist. LEXIS 8389 (S.D.N.Y. Jan. 25,

16     2016).  *See infra* at 11-13 & n.6 (discussing response of judges in the Northern District of California

17     and elsewhere to the cases cited by defendants); *infra* nn.4-5 (citing courts finding defendants'

18     arguments unpersuasive); *Clovis*, 2016 U.S. Dist. LEXIS 60086, at *24-*26 (district courts "reject[]

19     the kind of statutory interpretation advocated" by defendants, and "reject[] *Hung*") (finding *Lapin*

20     "not persuasive").  By way of further example, defendants cite a terse, two-paragraph memorandum

21     decision from the District of Maryland, which does little more than simply conclude: "I agree with

22     the decision in *Knox v. Agria Corp*., 613 F. Supp. 2d 419 (S.D.N.Y. 2009) . . . ."  *Wunsch v. Am.*

23     *Realty Capital Props*., 2015 U.S. Dist. LEXIS 48759, at *1 (D. Md. Apr. 14, 2015).  As Judge

24     Gilliam held in *Revance*, referring to *Wunsch*, "[t]o the Court's knowledge, only a single district

25     court in any district has denied remand since August 2012 – and that denial took the form of a

26     summary two-paragraph order."  125 F. Supp. 3d at 921.

27

28

9

1   At least 12 judges in this District have found removal of Securities Act cases prohibited by

2   §77v(a) and that result has been unanimous in recent years.[4]  So too have the vast majority of district

3   courts within California remanded 1933 Act cases, as well as district courts throughout the Ninth

4   Circuit, and nationwide.  *See, e.g.*, *CytRx*, 2014 U.S. Dist. LEXIS 124550, at *9 (King, J.) (collecting

5   cases, finding this interpretation to be the "majority view," and finding "the reasoning of the courts

6   that have adopted it much more persuasive than those that have gone the other way"); *Pac. Inv.*,

7   2015 U.S. Dist. LEXIS 75355, at *19-*21 (Carter, J.).[5]  Indeed, the holdings expressed by the judges

8   in this District and elsewhere, that are referenced herein, appear to reflect "the dominant view around

9

10  [4]    *See Clovis*, 2016 U.S. Dist. LEXIS 60086, at *29; *Buelow*, 2016 U.S. Dist. LEXIS 7444, at
    *9 (Freeman, J.); *Kerley*, No. 15-cv-04416-VC, Order Granting Motion to Remand at 1 (Chhabria,
11  J.); *Cervantes*, 2015 U.S. Dist. LEXIS 143390, at *9-*10 (Hamilton, J.); *Revance*, 125 F. Supp. 3d at
    920-21 (Gilliam, Jr., J.) (granting remand); *Liu*, 2015 U.S. Dist. LEXIS 82830, at *8-*13 (Koh, J.)
12  (same); *Plymouth Cty.*, 2015 U.S. Dist. LEXIS 1104, at *7 (Orrick, J.) (same); *Desmarais*, 2013 U.S.
    Dist. LEXIS 153165, at *7 (Alsup, J.) (same); *Toth*, 2013 U.S. Dist. LEXIS 147569, at *3 (Wilken,
13  J.) (same); *Reyes*, 2013 U.S. Dist. LEXIS 146465, at *9 (White, J.) (same); *Harper*, 2012 U.S. Dist.
    LEXIS 191130, at *13 (Armstrong, J.); *Young*, 2012 U.S. Dist. LEXIS 33695, at *11 (Davila, J.)
14  (same).

15  [5]    *See, e.g.*, *Fortunato v. Akebia Therapeutics, Inc.*, No. 15-13501-PBS, 2016 U.S. Dist. LEXIS
    57365, at *14 (D. Mass. Apr. 29, 2016) (granting remand); *Rosenberg v. Cliffs Natural Res., Inc.*,
16  No. 1:14CV1531, 2015 U.S. Dist. LEXIS 48915 (N.D. Ohio Mar. 25, 2015) (same); *City of
    Birmingham Ret. & Relief Sys. v. MetLife, Inc.*, No. 2:12-cv-02626-HGD, 2013 U.S. Dist. LEXIS
17  147675 (N.D. Ala. Aug. 23, 2013) (same); *Niitsoo*, 902 F. Supp. 2d 797 (same); *W. Va. Laborers Tr.
    Fund v. STEC Inc.*, No. SACV 11-01171-JVS (MLGx), 2011 U.S. Dist. LEXIS 146846 (C.D. Cal.
18  Oct. 7, 2011) (Selna, J.) (same); *W. Palm Beach Police Pension Fund v. Cardionet, Inc.*, No.
    10cv711-L (NLS), 2011 U.S. Dist. LEXIS 30607 (S.D. Cal. Mar. 24, 2011) (Lorenz, J.) (same);
19  *Layne v. CountryWide Fin. Corp.*, No. CV 08-3262 MRP (MANx), 2008 U.S. Dist. LEXIS 123896
    (C.D. Cal. July 8, 2008) (Pfaelzer, J.) (same); *Unschuld v. Tri-S Sec. Corp.*, No. 1:06-CV-02931-
20  JEC, 2007 U.S. Dist. LEXIS 68513 (N.D. Ga. Sept. 14, 2007) (same); *Bernd Bildstein IRRA v.
    Lazard Ltd.*, No. 05 CV 3388 (RJD) (RML), 2006 U.S. Dist. LEXIS 61395 (E.D.N.Y. Aug. 15,
21  2006) (same); *Pipefitters Local 522 & 633 Pension Tr. Fund v. Salem Commc'ns Corp.*, No. CV 05-
    2730 RGK (MCx), 2005 U.S. Dist. LEXIS 14202 (C.D. Cal. June 28, 2005) (Klausner, J.) (same);
22  *Higginbotham v. Baxter Int'l, Inc.*, No. 04 C 4909, 2005 U.S. Dist. LEXIS 12006 (N.D. Ill. May 25,
    2005) (same), *vacated on other grounds*, No. 04 C 4909, 2005 U.S. Dist. LEXIS 21349 (N.D. Ill.
23  Sept. 23, 2005); *In re Tyco Int'l, Ltd., Multidistrict Litig.*, 322 F. Supp. 2d 116 (D.N.H. 2004)
    (same); *Zia v. Med. Staffing Network, Inc.*, 336 F. Supp. 2d 1306 (S.D. Fla. 2004) (same); *Williams
24  v. AFC Enters.*, No. 1:03-CV-2490-TWT, 2003 U.S. Dist. LEXIS 28623 (N.D. Ga. Nov. 20, 2003)
    (same); *Haw. Structural Ironworkers Pension Tr. Fund v. Calpine Corp.*, No. 03cv0714 BTM (JFS),
25  2003 U.S. Dist. LEXIS 15832 (S.D. Cal. Aug. 27, 2003) (Moskowitz, J.) (same); *Nauheim v.
    Interpublic Grp. of Cos.*, No. 02-C-9211, 2003 U.S. Dist. LEXIS 6266 (N.D. Ill. Apr. 16, 2003)
26  (same); *In re Waste Mgmt., Inc., Sec. Litig.*, 194 F. Supp. 2d 590 (S.D. Tex. 2002) (same).

27

28

10

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1  the country." *Plymouth Cty.*, 2015 U.S. Dist. LEXIS 1104, at *9.  *See also id.* ("[Plaintiff] states that

2  not a single district court in any district has denied remand since August 2012.  The cases cited by

3  defendants support this assertion."); *Revance*, 125 F. Supp. 3d at 921 ("Plaintiff's position 'appears

4  to be emerging as the dominant view around the country' and has almost uniformly been upheld by

5  district courts since 2012."); *Liu*, 2015 U.S. Dist. LEXIS 82830, at *9 (The Northern District of

6  California has "soundly rejected" defendants' position in recent years.).

7          This action falls squarely within the Securities Act removal bar because Plaintiffs asserts no

8  state law claims.  Defs' Notice, Ex. A Part 2.  Under the statute's plain language, as well as

9  overwhelming Supreme Court, Ninth Circuit, and district court authority, this Court thus lacks

10  jurisdiction under 28 U.S.C. §1441(a) and must remand under 28 U.S.C. §1447(c).

11      **C.      SLUSA Did Not Eliminate Concurrent State Court Jurisdiction**

12          Defendants' failure to even address the Securities Act removal bar alone warrants remand.

13  *See CytRx*, 2014 U.S. Dist. LEXIS 124550, at *5 ("As the party asserting jurisdiction, [defendant]

14  bears the burden of establishing that this action is not barred by the [Securities Act] anti-removal

15  provision.") (citing *Madden*, 576 F.3d at 975-76).  Further, Defendants' contention that the SLUSA

16  amendments to the Securities Act "removed concurrent state court jurisdiction" (Defs' Notice at 4) is

17  incorrect.  The statute's plain language and legislative history, as well as Supreme Court and Ninth

18  Circuit interpretation thereof, are all to the contrary.

19          As amended by SLUSA, §22(a) of the Securities Act states:

20          The district courts of the United States . . . shall have jurisdiction of offenses and
            violations under this title . . . concurrent with State and Territorial courts, except as
21          provided in Section 16 [§77p] with respect to covered class actions, of all suits in
            equity and actions at law brought to enforce any liability or duty created by this title.
22
23  15 U.S.C. §77v(a).  According to defendants, SLUSA amended the Securities Act to "remove[]

24  concurrent state court jurisdiction."  Defs' Notice at 4.  That is incorrect, as judges in this District

25  and elsewhere have repeatedly held. [6]

26  _____

27  [6]      Defendants cite several out-of-circuit cases, and one in-circuit case, in purported support for
    their proposition.  But these cases have since been discredited implicitly, if not expressly, by the
28  courts stating the dominant, majority view.  As Judge White stated in *Reyes*, "in cases such as *Lapin*

                                                      11

1    Defendants apparently contend that the added phrase "except as provided in [§77p] . . . with

2  respect to covered class actions" eliminated concurrent jurisdiction over Securities Act claims raised

3  with respect to "covered" securities.  Defs' Notice at 3; 15 U.S.C. §77v(a).  "The plain language of

4  the statute does not support this reading."  *CytRx*, 2014 U.S. Dist. LEXIS 124550, at *12.  As the

5  court in *CytRx* explained:

6         The key lies in §77p, which is broadly incorporated into the clause at issue.
       This section contains four subsections that refer to "covered class actions."
7       However, none of these four subsections pertains to claims arising under the 1933
       Act.  Three of the four provisions "deal exclusively" with actions based upon state
8       law.  And of all of the provisions, only subsection (b) imposes any jurisdictional
       limitations, and even still, those limitations apply only to class actions "based upon
9       the statutory or common law of any State."  The only subsection that references
       "covered class actions" without limiting itself to those based on state law, §77p(f),
10      sets forth the definitions that apply "for purposes of [§77p]," including the definition
       of "covered class action." 15 U.S.C. §77p(f)(2).  This subsection therefore serves the
11      function of defining the universe of covered class actions from which the §77p(b)
       subset can be identified.  It does nothing to overwhelm §77p's focus on state law
12      claims.  If 77v(a) had incorporated only this specific subsection, there might be some
       textual footing for [defendant]'s argument that SLUSA eliminated state law

13

14  and *Knox*," cited by defendants here, "the courts focused their analysis on the language of Section
   77v(a) and have found that state courts no longer have concurrent jurisdiction over class actions
15  asserting claims under the 1933 Act."  2013 U.S. Dist. LEXIS 146465, at *9.  But, Judge White
   found "cases such as *Young* and *Unschuld* to be more persuasive about the manner in which Section
16  77v(c) should be interpreted."  *Id.* at *10.  Likewise, Judge Wilken, after referring to the *Lapin* case
   cited by defendants, instead chose "the majority approach in this district" (*Toth*, 2013 U.S. Dist.
17  LEXIS 147569, at *6) and also cited *Lapin* as contrary to opinions by "more than a dozen district
   courts around the country – including two [now five] in this district [that] have construed section
18  77p(c) to preclude removal in cases like this one."  *Toth*, 2013 U.S. Dist. LEXIS 151767, at *4 n.1.
   Similarly, Judge Orrick in *Plymouth Cty.* found that plaintiff "has the better of these arguments,"
19  disagreeing that "SLUSA strips state courts of concurrent jurisdiction," and noting that even a judge
   that previously denied remand "reversed her position." 2015 U.S. Dist. LEXIS 1104, at *8-*9.  And
20  This Court held that the reasoning of the courts cited by defendants here "would ignore the express
   inclusion of the . . . language in Section 77v(a)'s provision on removal" and to do so "would
21  contradict the 'cardinal principle of statutory construction that we must give effect, if possible, to
   every clause and word of a statute.'"  *Desmarais*, 2013 U.S. Dist. LEXIS 153165, at *10 (quoting
22  *Williams v. Taylor*, 529 U.S. 362, 404 (2000)).  *See also STEC*, 2011 U.S. Dist. LEXIS 146846, at
   *14-*15 n.5 ("the Court does not agree with the predicate of the *Knox* court's analysis"); *Pac. Inv.*,
23  2015 U.S. Dist. LEXIS 75355, at *19 ("the Court is not persuaded by the logic in [*Knox*, 613 F.
   Supp. 2d at 425] and the courts in accord"); *Niitsoo*, 902 F. Supp. 2d 797 (rejecting analysis in
24  *Lapin, Knox* and *Rovner*); *Luther v. Countrywide Fin. Corp.*, 195 Cal. App. 4th 789, 797-99 (2011)
   (rejecting analysis in *Knox*).  Even judges cited for denying remand have reconsidered.  *See, e.g.*,
25  *Layne*, 2008 U.S. Dist. LEXIS 123896, at *3-*4 n.1 (Pfaelzer, J.) ("In considering the issue again,
   the Court now has available a number of more recent authorities that inform the analysis and prompt
26  the conclusion that remand is appropriate.").  And Judge Chen stated in *Clovis*: "Clovis's analysis is
   hardly new.  District Courts, especially in this district, have analyzed *Kircher* in rejecting the kind of
27  statutory interpretation advocated for by Clovis."  2016 U.S. Dist. LEXIS 60086, at *24.

28

                                         12

jurisdiction over all covered class actions arising under the Act. But the language that was inserted into the first sentence of the jurisdictional provision instead references the entirety of 77p, a section that is exclusively concerned with state law class actions.

[Defendant] therefore attributes much more to SLUSA than can be reasonably inferred from the statute's plain language. The SLUSA amendment to §77v(a) does not go so far as to take all securities class actions out of state court. The better view is that the amendment to the jurisdictional provision was meant to simply acknowledge that there is now a subset of class actions that are no longer cognizable in either state or federal court – those state law class actions that are precluded by §77p(b). Had Congress intended to make federal district courts the exclusive forum for securities class actions, we presume it would have said as much. It is dubious that Congress would have instead evinced its intent by making an oblique reference to a section that is exclusively concerned with state law class actions and never directly addresses 1933 Act claims.

*Id.* at *12-*14.[7]

In *Kircher*, the Supreme Court rejected a similar misreading of the removal bar in §77v(a) as follows:

[Defendants] argue that removal jurisdiction is broader by emphasizing the adjective that introduces subsection (c): "Any" covered action. §77p(c). But that suggestion would be persuasive only if we stopped reading right there, and we do not stop there; we do not read statutes in little bites . . . if we did . . . there would be no point to the phrase "as set forth in subsection (b)," for subsection (b) cases would be removable anyway as a subset of covered class actions. . . . In sum, *we see no reason to reject the straightforward reading: removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection(b)*.

Once removal jurisdiction under subsection (c) is understood to be restricted to precluded actions defined by subsection (b), a motion to remand claiming the action is not precluded must be seen as posing a jurisdictional issue. . . . *If the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it*.

547 U.S. at 643-44; *see also id.* at 646 ("nothing in the [Securities] Act gives the federal courts

---

[7]    *See also Niitsoo*, 902 F. Supp. 2d at 805 n.4 (finding it "unlikely that Congress would effectuate an abrupt jurisdictional stripping by making an unspecific reference to §77p without any signal in §77p(f) that the definition of 'covered class action' was meant to serve as the parameters of the federal courts' exclusive jurisdiction"); *STEC*, 2011 U.S. Dist. LEXIS 146846, at *14-*15 n.5 ("The drafters of the jurisdictional provision could have easily stated that the provision's exception was for all covered class actions defined in section 77p(f). Instead, the jurisdictional provision states that concurrent jurisdiction exists except as provided in section 77p generally. Thus, the jurisdictional provision does impose a substantive limitation to the exception to concurrent jurisdiction by providing that courts possess concurrent jurisdiction 'except as provided in section 77p.'"); *accord Luther*, 195 Cal. App. 4th at 798 ("15 United States Code section 77v does not say 'except as provided in section 77p(f)(2),' the definition of covered class action. Instead, it refers to all of 15 United States Code section 77p, not just the definitional provision.").

---

13

exclusive jurisdiction," and thus "a defendant can elect to leave a case where the plaintiff filed it and trust the state court (an equally competent body)").  Consistent with *Kircher*, the Ninth Circuit continues to explicitly recognize that "*[t]he Securities Act of 1933 . . . provides concurrent jurisdiction in state and federal courts over alleged violations of the Act*."  *Luther*, 533 F.3d at 1033.  In short, a correct reading of the statute's plain language establishes that the SLUSA amendments did not eliminate concurrent state court jurisdiction.

Because the plain language of the Securities Act is unambiguous, recourse to legislative intent is unnecessary.  *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.  When the words of a statute are unambiguous, then, this first canon is also the last:  'judicial inquiry is complete.'"); *Calpine*, 2003 U.S. Dist. LEXIS 15832, at *6 ("where the language of the statute is clear, it is not up to the Court to modify it to effect Congress's likely intent").  "Even if the plain language of the statute were ambiguous so as to make the legislative history of SLUSA relevant, the legislative history supports the Court's conclusion."  *Clovis*, 2016 U.S Dist. LEXIS 60086, at *26.  SLUSA's legislative history shows that the SLUSA amendments did not eliminate concurrent state court jurisdiction.

For example, the very first sentence of the SLUSA Senate Committee Report ("Senate Report") states:

> The Committee on Banking, Housing and Urban Affairs, to which was referred the bill (S. 1260), to amend the Securities Act of 1933 and the Securities Exchange Act of 1934 *to limit the conduct of securities class actions under State law* . . . .

S. Rep. No. 105-182, at 1 (1998).  The Senate Report continues:  "The amendment makes clear the Committee's intention to enact this legislation in order to prevent *state laws* from being used to frustrate the operation and goals of the 1995 Reform Act."  *Id*. at 2.  In its section-by-section analysis of the proposed amendments, the Senate Report explains the removal provision as follows:

> Subsection 16(b) provides that no class action *based on State law* alleging fraud in connection with the purchase or sale of covered securities may be maintained in State or Federal court.

> Subsection 16(c) provides that *any class action described in Subsection (b)* that is

14

brought in a State court shall be removable to a Federal district court, and may be dismissed pursuant to the provisions of subsection (b).

*Id*. at 7.  The Senate Report further explains that "the majority would preempt securities fraud causes of action **under State law**" (*id*. at 8) and that SLUSA "would preempt **State law** securities actions." *Id*. at 11.  Also that SLUSA "would preempt securities fraud class actions brought under **State law**. Investors seeking to file class action lawsuits would be forced to file under the Federal securities laws." *Id*. at 14.  Nowhere in the Senate Report is there any reference to eliminating concurrent state court jurisdiction over Securities Act claims.

Nor is there any such reference in the House of Representatives' Committee Report ("House Report"), the first sentence of which mirrors that of the Senate Report:

The Committee on Commerce, to whom was referred the bill (H.R. 1689) to amend the Securities Act of 1933 and the Securities Exchange Act of 1934 ***to limit the conduct of securities class actions under State law*** . . . .

H.R. Rep. No. 105-640, at 1 (1998).  The House Report continues by stating that "it preempts securities fraud class actions brought under **State law**" (*id*. at 13) and explains:

Subsection 16(b) provides that no class action ***based on State law*** alleging fraud in connection with the purchase or sale of covered securities may be maintained in State or Federal court.

Subsection 16(c) provides that any class action described in subsection (b) that is brought in a State court shall be removable to a Federal district court, and may be dismissed pursuant to the provisions of subsection (b). ***This provision is designed to prevent a State court from inadvertently, improperly, or otherwise maintaining jurisdiction over an action that is preempted pursuant to subsection (b)***.

*Id*. at 17.  Again, nowhere in the House Report is there any reference to eliminating concurrent state court jurisdiction over Securities Act claims.

The House of Representatives' Conference Report ("Conference Report") echoes the Senate and House Reports, emphasizing SLUSA as designed "to limit the conduct of securities class actions under **State law**."  H.R. Rep. No. 105-803, at 1 (1998).  As with the Senate and House Reports, nowhere in the Conference Report is there any reference to eliminating concurrent state court jurisdiction over Securities Act claims.

The Ninth Circuit's analysis of SLUSA's legislative history has consistently found the same:

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    SLUSA's "only discernible intent was to preclude the use of the class-action device to prosecute

2    certain *state-law* class action claims." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1227-

3    28 (9th Cir. 2009); *Madden*, 576 F.3d at 964 ("SLUSA sought to . . . generally preclud[e] 'covered

4    class actions' alleging fraud or misrepresentation ***under state law*** in connection with 'covered

5    securities.'").   This "only discernible intent" has nothing to do with concurrent state court

6    jurisdiction over federal Securities Act claims.

7           At bottom, "[h]ad Congress intended to make federal district courts the exclusive forum for

8    securities class actions . . . it would have said as much." *CytRx*, 2014 U.S. Dist. LEXIS 124550, at

9    *14.  *Accord Clovis*, 2016 U.S. Dist. LEXIS 60086, at *29 ("but it did not do so").  "It is dubious

10   that Congress would have instead evinced its intent by making an oblique reference to a section that

11   is exclusively concerned with state law class actions and never directly addresses 1933 Act claims."

12   *CytRX*, 2014 U.S. Dist. LEXIS 124550, at *14.[8]  As such, SLUSA did not eliminate concurrent state

13   court jurisdiction under the Securities Act.

14        **D.    Plaintiffs Requests Award of Costs and Expenses**

15          As Judge Wilken held in *Toth*, this action is not "'facially removable as a federal question.'"

16   2013 U.S. Dist. LEXIS 151767, at *3.  Likewise, Judge Freeman held in *TerraForm*, "Defendants'

17   reliance on mostly out-of-district cases to support their position ignores the growing and uniform

18   body of law in this district, including relevant Ninth Circuit case law, reaching the opposite

19   conclusion" and granted fees.  2016 U.S. Dist. LEXIS 27753, at *16.  Under 28 U.S.C. §1447(c),

20   "[a]n order remanding the case may require payment of just costs and any actual expenses, including

21

---

22   [8]     *Accord Waste Mgmt.*, 194 F. Supp. 2d at 596 ("Congress could easily have made a  statement
     in SLUSA expressly modifying this provision had it so intended."); *Niitsoo*, 902 F. Supp. 2d at 805
23   n.4 (finding it "unlikely that Congress would effectuate an abrupt jurisdictional stripping by making
     an unspecific reference . . . without any signal . . . that the definition of 'covered class action' was
24   meant to serve as the parameters of the federal courts' exclusive jurisdiction"); *STEC*, 2011 U.S.
     Dist. LEXIS 146846, at *14-*15 n.5 ("The drafters of the jurisdictional provision could have easily
25   stated that the provision's exception was for all covered class actions . . . .  Instead, the jurisdictional
     provision states that concurrent jurisdiction exists except as provided in section 77p generally.  Thus,
26   the jurisdictional provision does impose a substantive limitation to the exception to concurrent
     jurisdiction by providing that courts possess concurrent jurisdiction 'except as provided in section
27   77p.'").

28

---

1    attorney fees, incurred as a result of the removal." The removal here lacked a reasonable basis in

2    light of the fact that for years now courts have consistently foreclosed removal of 1933 Act cases,

3    recognizing the Securities Act's indisputable removal bar and that SLUSA did not eviscerate

4    concurrent jurisdiction of state courts in 1933 Act cases. *See supra* nn.4-5. Accordingly, Plaintiffs

5    respectfully requests that the Court's order provide that Plaintiffs may apply for an award of

6    attorneys' fees not later than 30 days from the date the Court's order is filed if the parties cannot

7    agree on the amount.

8    **III.    CONCLUSION**

9         Based on the foregoing, Plaintiffs respectfully requests that the Court remand this action to

10   the Superior Court of the State of California, County of San Mateo. Because Defendants' purpose in

11   delaying the action has already been served by this improper removal, Plaintiffs respectfully request

12   the Court rule on this motion to remand expeditiously, and grant costs and expenses.

13   DATED: May 18, 2016                          SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

14                                                 */s/* John T. Jasnoch
                                                   JOHN T. JASNOCH (CA BAR NO. 281605)
15                                                 707 Broadway, Suite 1000
                                                   San Diego, CA  92101
16                                                 Telephone: (619) 233-4565
                                                   Facsimile:  (619) 233-0508
17                                                 jjasnoch@scott-scott.com

18                                                 SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
                                                   THOMAS L. LAUGHLIN
19                                                 JOSEPH V. HALLORAN (CA BAR NO. 288617)
                                                   The Chrysler Building
20                                                 405 Lexington Ave., 40th Floor
                                                   New York, NY  10174
21                                                 Telephone: (212) 223-6444
                                                   Facsimile:  (212) 223-6334
22                                                 tlaughlin@scott-scott.com
                                                   jhalloran@scott-scott.com
23
                                                   *Attorneys for Plaintiffs*
24

25

26

27

28
                                                   17

1

<u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on May 18, 2016, I authorized the electronic filing of the foregoing with

3  the Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4  e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5  caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6  CM/ECF participants indicated on the attached Manual Notice List.

7      I certify under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct.  Executed on May 18, 2016.

9                           SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

10                          */s/* John T. Jasnoch
                             JOHN T. JASNOCH
11                        707 Broadway, Suite 1000
                        San Diego, CA  92101
12                        Telephone: (619) 233-4565
                        Facsimile: (619) 233-0508
13                        jjasnoch@scott-scott.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28