1   ANNA ERICKSON WHITE (CA SBN 161385)
    AWhite@mofo.com
2   ROBERT L. CORTEZ WEBB (CA SBN 274742)
    RWebb@mofo.com
3   SU-HAN WANG (CA SBN 284863)
    SWang@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone: 415.268.7000
6   Facsimile: 415.268.7522

7   Attorneys for Defendants
    Sunrun Inc., Lynn Jurich, Bob Komin, Edward Fenster, Jameson
8   McJunkin, Gerald Risk, Steve Vassallo, Richard Wong

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                       SAN FRANCISCO DIVISION
12

13
    GEORGE COHEN, DAVID MOSS, and           Case No.   3:16-CV-02570-WHA
14  ROXANNE XENAKIS, Individually and on
    Behalf of All Others Similarly Situated,
15                                           **CLASS ACTION**
                         Plaintiffs,
16                                           **SUNRUN DEFENDANTS'**
                                             **MEMORANDUM IN OPPOSITION**
         v.                                  **TO PLAINTIFF'S MOTION FOR**
17                                           **REMAND**
    SUNRUN INC., LYNN JURICH, BOB KOMIN,
18  EDWARD FENSTER, JAMESON MCJUNKIN,
    GERALD RISK, STEVE VASSALLO,             Date:    August 11, 2016
19  RICHARD WONG, CREDIT SUISSE              Time:    8:00 a.m.
    SECURITIES (USA) LLC, GOLDMAN, SACHS     Ctrm:    8, 19 th Floor
20  & CO., MORGAN STANLEY & CO. LLC,         Judge:   Hon. William Alsup
    MERRILL LYNCH, PIERCE, FENNER &
21  SMITH INCORPORATED, RBC CAPITAL
    MARKETS, LLC, KEYBANC CAPITAL
22  MARKETS INC., and SUNTRUST ROBINSON
    HUMPHREY, INC.,
23
                         Defendants.
24

25

26

27

28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................ii

SUMMARY OF ARGUMENT ................................................................................................vi

STATEMENT OF ISSUE TO BE DECIDED...........................................................................1

BACKGROUND OF THIS ACTION .......................................................................................1

STATUTORY BACKGROUND................................................................................................1

ARGUMENT .............................................................................................................................3

I.     ONLY FEDERAL COURTS HAVE JURISDICTION TO HEAR THIS
PURPORTED CLASS ACTION...................................................................................3

        A.     SLUSA's Exclusive Jurisdiction Amendment Strips State Courts of
Jurisdiction over "Covered Class Actions" Arising Under the Securities
Act......................................................................................................................3

        B.     Plaintiff Can Offer No Other Plausible Interpretation of SLUSA's
Exclusive Jurisdiction Amendment...................................................................5

        C.     Courts Cannot Interpret Federal Statutes to Negate Their Own Stated
Purposes, as Remand Would Do Here. ..............................................................7

II.    BECAUSE STATE COURTS LACK JURISDICTION OVER COVERED
CLASS ACTIONS ASSERTING SECURITIES ACT CLAIMS, THE REMOVAL
BAR DOES NOT APPLY. ..........................................................................................10

        A.     The Removal Bar Does Not Apply to Securities Act Covered Class
Actions. ............................................................................................................10

        B.     Plaintiff's Reliance on *Kircher* and *Luther* Is Misplaced. ...................................10

III.   COURTS THAT REMAND BASED ON UNCERTAINTY HAVE IT EXACTLY
BACKWARDS; ANY UNCERTAINTY PRECLUDES REMAND.............................12

IV.   THE LACK OF CONTROLLING AUTHORITY WEIGHS IN FAVOR OF
DENYING REMAND. ................................................................................................13

CONCLUSION ........................................................................................................................14

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**Page(s)**

CASES

4

5

*Alkow v. TXU Corp.*,
    Nos. 3:02-CV-2738-K, 3:02-CV-2379-K,
    2003 WL 21056750 (N.D. Tex. May 8, 2003) ........................................................... 5

6

7

*Brady v. Kosmos Energy Ltd.*,
    Nos. 3:12-cv-0373-B, 3:12-cv-0781-B,
    2012 WL 6204247 (N.D. Tex. July 10, 2012) ........................................................... 5

8

9

*Breuer v. Jim's Concrete of Brevard, Inc.*,
    538 U.S. 691 (2003) ................................................................................................... 12

10

11

*Brody v. Homestore, Inc.*,
    240 F. Supp. 2d 1122 (C.D. Cal. 2003) ............................................................... 5, 7

12

13

*Buelow v. Alibaba Grp. Holding Ltd.*,
    No. 15-cv-0519-BLF, 2016 WL 234159 (N.D. Cal. Jan. 20, 2016) ......................... 7

14

*Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*,
    368 F.3d 86 (2d Cir. 2004) ...................................................................................... 10

15

16

*Cervantes v. Dickerson*,
    No. 15-cv-3825-PJH, 2015 WL 6163573 (N.D. Cal. Oct. 21, 2015) ............. 7, 8, 13

17

18

*Desmarais v. Johnson*,
    Nos. C 13-03666 WHA, C 13-03668 WHA,
    2013 WL 5735154 (N.D. Cal. Oct. 22, 2013) ..................................................... 7, 14

19

20

*Elec. Workers Local #357 v. Clovis Oncology, Inc.*,
    No. 16-cv-0933-EMC, --- F. Supp. 3d ----,
    2016 WL 2592947 (N.D. Cal. May 5, 2016) .......................................... 5, 12, 14

21

22

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ............................................................................. 12, 13

23

24

*Haw. Structural Ironworkers Pension Tr. Fund v. Calpine Corp.*,
    No. 03CV0714-BTM(JFS), 2003 WL 23509312 (S.D. Cal. Aug. 27, 2003) ............ 5

25

*Hung v. iDreamsky Tech. Ltd.*,
    No. 15-CV-2514 (JPO), 2016 WL 299034 (S.D.N.Y. Jan. 25, 2016) ............ 4, 6, 10

26

27

*In re Fannie Mae 2008 Sec. Litig.*,
    Nos. 08 Civ. 7831(PAC), 09 Civ. 1352(PAC),
    2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009) ......................................................... 4

28

*In re King Pharm., Inc.*,
    230 F.R.D. 503 (E.D. Tenn. 2004) .......................................................................... 4

*In re Pac. Biosciences of Cal. Inc.*,
    No. CIV 509210, 2012 WL 1932469 (San Mateo Superior Ct. May 25, 2012) ...................... 9

*King v. Burwell*,
    135 S. Ct. 2480 (2015) ....................................................................... viii, 7, 8, 9

*Knox*, 613 F. Supp. 2d at 423 ......................................................................... 9, 10

*Kircher v. Putnam Funds Tr.*,
    547 U.S. 633 (2006) .......................................................................................... 11

*Kulinski v. Am. Elec. Power Co.*,
    No. Civ. A.C-2-03-412, 2003 WL 24032299 (S.D. Ohio Sept. 19, 2003) ............................ 5

*Lander v. Hartford Life & Annuity Ins. Co.*,
    251 F.3d 101 (2d Cir. 2001) ................................................................................ 2

*Lapin v. Facebook, Inc.*,
    No. C-12-3195 MMC, 2012 WL 3647409 (N.D. Cal. Aug. 23, 2012) ............................. 4, 11

*Libhart v. Santa Monica Dairy Co.*,
    592 F.2d 1062 (9th Cir. 1979) ............................................................................ 12

*Lowinger v. Johnston*,
    No. :05CV316-H, 2005 WL 2592229 (W.D.N.C. Oct. 13, 2005) ............................... 5

*Luther v. Countrywide Fin. Corp.*,
    No. CV-09-06162-MRP, 2009 WL 3271368 (C.D. Cal. Oct. 9, 2009) ................................ 11

*Luther v. Countrywide Home Loans Servicing LP*,
    533 F.3d 1031 (9th Cir. 2008) ...................................................................... *passim*

*Madden v. Cowen & Co.*,
    576 F.3d 957 (9th Cir. 2009) ............................................................................ 12

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*,
    547 U.S. 71 (2006) ................................................................................ vi, 1, 2, 8

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*,
    136 S. Ct. 1562 (2016) ..................................................................................... 14

*Moore-Thomas v. Alaska Airlines, Inc.*,
    553 F.3d 1241 (9th Cir. 2009) ........................................................................... 12

*Niitsoo v. Alpha Nat. Res., Inc.*,
    902 F. Supp. 2d 797 (S.D. W. Va. 2012) ............................................................... 5

*Northumberland Cty. Ret. Sys. v. GMX Res., Inc.*,
    810 F. Supp. 2d 1282 (W.D. Okla. 2011) ............................................................... 5, 7

*Pinto v. Vonage Holdings Corp.*,
    No. 07-0062 (FLW), 2007 WL 1381746 (D.N.J. May 7, 2007) ............................... 4

*Purowitz v. DreamWorks Animation SKG, Inc.*,
    No. CV 05-6090 MRP, 2005 WL 6794770 (C.D. Cal. Nov. 15, 2005) ................... 5

*Rajasekaran v. CytRx Corp.*,
    No. CV 14-3406-GHK, 2014 WL 4330787 (C.D. Cal. Aug. 21, 2014) ................... 7

*Reyes v. Zynga*,
    No. 12-05065 JSW, 2013 WL 5529754 (N.D. Cal. Jan. 23, 2013) ..................... 7, 9

*Rovner v. Vonage Holdings Corp.*,
    No. 07-178 (FLW), 2007 WL 446658 (D.N.J. Feb. 7, 2007) ....................... 4, 6, 7, 8

*Rubin v. Pixelplus Co. Ltd.*,
    No. 06-CV-2964 (ERK), 2007 WL 778485 (E.D.N.Y. Mar. 13, 2007) ................... 4

*Shamrock Oil & Gas Corp. v. Sheets*,
    313 U.S. 100 (1941) .............................................................................................. 12

*Syngenta Crop Protection, Inc. v. Henson*,
    537 U.S. 28 (2002) ................................................................................................ 12

*Toth v. Envivio*,
    No. 12-5636 CW, 2013 WL 5596965 (N.D. Cal. Oct. 11, 2013) ...................... 7, 8

*Unschuld v. Tri-S Sec. Corp.*,
    No. 06-CV-02931-JEC, 2007 WL 2729011 (N.D. Ga. Sept. 14, 2007) ................. 7

*W. Palm Beach Police Pension Fund v. Cardionet, Inc.*,
    No. 10CV711-L(NLS), 2011 WL 1099815, at *2 (S.D. Cal. Mar. 24, 2011) ....... 10

*W. Va. Laborers Tr. Fund v. STEC Inc.*,
    No. SACV 11-01171-JVS (MLGx),
    2011 WL 6156945 (C.D. Cal. Oct. 7, 2011) ........................................................ 9

*Wunsch v. Am. Realty Capital Props.*,
    No. JFM-14-4007, 2015 WL 2183035 (D. Md. Apr. 14, 2015) ............................. 5

**STATUTES**

15 U.S.C.

§§ 77a-77mm Securities Act of 1933 ("Securities Act")................................................. vi, 6, 11
§§ 77(c) ................................................................................................................................... 6
§§ 77p(b), 77p(d)(1)(A) ...................................................................................................... 6
§§ 77p(b), 77p(c) ................................................................................................................... 3
§ 77p(f)(2)(A)(i)(II) .............................................................................................................. 4
§ 77v(a) (1933)............................................................................................... 1, 3, 4, 10
§ 77z-1(b)(1) .......................................................................................................................... 2
§§ 78u-4(b)(1)-(2) ................................................................................................................ 2
§ 78u-4(b)(3)(D)................................................................................................................... 3

28 U.S.C.

§ 1331 .................................................................................................................................... 12
§ 1441 .................................................................................................................................... 12

Pub. L. No. 105-353, § 2, 112 Stat. 3227 (1998) ........................................................... 2

Section 16 of the Securities Act (15 U.S.C. § 77p) ...................................................... 4, 6

**RULES**

California Rule of Court 2.30(B)(3)........................................................................................ 9

**OTHER AUTHORITIES**

143 Cong. Rec. E1007-02 (May 21, 1997) ....................................................................... 3

143 Cong. Rec. S10475-01 (Oct. 7, 1997) ........................................................................ 8

144 Cong. Rec. H6052-03 (July 21, 1998) ....................................................................... 2

144 Cong. Rec. S4778-03 (May 13, 1998) .................................................................... 2, 3

H.R. Rep. No. 105-640 (1998)........................................................................................ 2, 3

Mitchell A. Lowenthal & Shiwon Choe, *State Courts Lack Jurisdiction to Hear Securities
Act Class Actions, But the Frequent Failure to Ask the Right Question Too Often
Produces the Wrong Answer* U. Pa. J. Bus. L. 739 (2015) ....................................... 4, 6

1    Defendants respectfully submit this Opposition to Plaintiff's Motion for Remand.

2

## SUMMARY OF ARGUMENT

3    Many courts in this district and elsewhere have puzzled over the statutory text that

4 governs jurisdiction and remand for class actions like this one, brought under the Securities Act

5 of 1933, 15 U.S.C. §§ 77a-77mm ("Securities Act").  Recently, courts in this district have granted

6 remand of these class actions.  In contrast, other courts, led by the Southern District of New York,

7 consistently find removal to be proper.  There is no controlling authority.  The courts that have

8 denied remand have found a solution to the puzzle that is consistent with both the structure and

9 the intent of the Act.

10    The only plausible solution is that state courts no longer have jurisdiction over securities

11 class actions involving national securities, whether they are brought under state-law or the federal

12 Securities Act.  Nonetheless, the courts in this district have mainly held that the Securities

13 Litigation Uniform Standards Act ("SLUSA") altered only state court authority to adjudicate

14 state-law class actions, and not jurisdiction over Securities Act claims.  In so holding, those courts

15 have rehashed the same arguments.

16    What is missing from those decisions, and Plaintiff's motion, is any consideration of the

17 following three points.

18    **1.  <u>The Express Purpose of SLUSA was to Prevent Circumvention of the Reform Act</u>.**

19    In the mid-1990s, Congress addressed the scourge of class action securities lawsuits

20 "being used to injure the entire U.S. economy" through "nuisance filings," "vexatious discovery

21 requests," and "manipulation by class action lawyers" leading to "extortionate settlements."

22 Congress did so by enacting the Private Securities Litigation Reform Act ("Reform Act") to

23 protect against strike suits, and SLUSA to ensure that securities class actions are subject to those

24 federal "Uniform Standards" by preventing "*state-court litigation of class actions involving*

25 *nationally traded securities*."  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71,

26 82 (2006) (emphasis added).

27    SLUSA accomplished this purpose with separate provisions addressing federal class

28 actions and state-law class actions.  Together, they establish federal courts as the exclusive venue

1    for "covered class actions," based on (i) the nature of the security and (ii) use of the class action

2    device, not plaintiffs' choice to style those claims as arising under state or federal law.  SLUSA

3    left untouched "individual" actions, which remain under the concurrent jurisdiction of state and

4    federal courts.  As such, Congress also granted federal courts the power to stay discovery in state

5    courts—in a new provision titled "Circumvention of Discovery Stay"—to ensure that the

6    "preservation of state court jurisdiction" over "individual" actions could not be used to

7    circumvent the Reform Act.

8               **2.  <u>Granting Remand Has Resurrected Circumvention of the Reform Act</u>.**

9          Granting remand shifts the center of gravity of Securities Act class actions from federal to

10   state courts.  In doing so, it undermines Congress's solution to the problem of meritless securities

11   class action strike suits.

12         California state courts, in particular San Mateo Superior, have recently become the

13   primary arbiters of federal Securities Act class actions in California.  Between 2005 and 2014,

14   plaintiffs filed about two to three Securities Act class actions a year in California state courts.  In

15   2015, plaintiffs filed 20 cases against eight issuers in San Mateo Superior alone.  In 2016, that

16   pace continues to accelerate.  As of May 20, 2016, plaintiffs have filed at least 27 Securities Act

17   class actions against eight issuers, again in San Mateo.  Yet, so far this year, plaintiffs have filed

18   Securities Act class actions against only three issuers in the Northern District.  (Declaration of

19   Robert Webb in Support of Sunrun Defendants' Opposition ("Webb Decl.") ¶¶ 3-9.)

20         The recent trend in this district undermines SLUSA and the heightened protections of the

21   Reform Act by encouraging the vast majority of Securities Act class actions to be filed in state

22   court.  The San Mateo Superior Court, for example, has held that no automatic stay of discovery

23   applies pending challenges to the pleadings, has employed no lead plaintiff procedure to identify

24   the most capable representative of the class, and has not required that plaintiffs set forth their

25   transactions in the security at issue.  Not surprisingly, in this case alone, six nearly identical cases

26   were filed in San Mateo Superior Court, and not one plaintiff identified his or her transactions.

27

28

### 3.  <u>The Court "Must Interpret the Act in a Way That Is Consistent" with Its Intent</u>.

None of the courts granting remand have addressed the recent Supreme Court authority requiring that, where statutory language is ambiguous, a court "must interpret the Act in a way that is consistent" with its intent.  *King v. Burwell*, 135 S. Ct. 2480, 2496 (2015).  The only interpretation of SLUSA that is consistent with its and the Reform Act's intent is that state courts are now stripped of jurisdiction over Securities Act class actions.  Because the interpretation of SLUSA employed to grant remand cannot be reconciled with the text or legislative history of the statute, and its consequences are undermining the purpose of the statute, remand should be denied.[1]

---

[1] By stipulation (Dkt. 14), the parties in this action have agreed to coordinate briefing on this motion to remand with the briefing on substantially identical motions pending in four other removed Securities Act class actions filed against the same defendants.  As such, this opposition refers to plaintiff Jeffrey L. Pytel and references page numbers in the Memorandum of Points and Authorities in support of Plaintiff Jeffrey L. Pytel's Motion to Remand, *Pytel v. Sunrun Inc., et al.*, Case No. 3:16-cv-02566-HSG, Dkt. No. 13.

**STATEMENT OF ISSUE TO BE DECIDED**

Was this case, which asserts only federal claims under the Securities Act, properly removed to federal court?

**BACKGROUND OF THIS ACTION**

Plaintiff Jeffrey L. Pytel filed this action on April 13, 2016, asserting violations of the Securities Act.  The gravamen of Plaintiff's complaint is that in August 2015, Defendants failed to disclose that, almost five months later, the Nevada Public Utilities Commission would issue an unprecedented decision that would negatively affect Sunrun's business.

This action is one of six nearly identical actions filed against Defendants in the Superior Court of California, County of San Mateo ("San Mateo Court"), and removed to this Court on May 12, 2016.  In two of the six suits, the plaintiffs—Pytel and Nunez—are represented by the same law firm, and have filed complaints that are identical except for the details of the plaintiff. (Webb Decl. ¶ 11.)

Sunrun is not based in San Mateo, and no plaintiff alleges he or she lives there.  But the San Mateo Court has held that federal constraints on securities class actions do not apply in state court.

**STATUTORY BACKGROUND**

In 1933, Congress enacted the Securities Act.  At that time, Section 22(a) provided federal and state courts with concurrent jurisdiction over Securities Act claims.  *See* 15 U.S.C. § 77v(a) (1933).  That version of Section 22(a) also provided that claims under the Securities Act could not be removed from state courts of "competent jurisdiction."  *Id.*

In 1995, Congress recognized that the securities "class-action device was being used to injure 'the entire U.S. economy.'"  *Dabit*, 547 U.S. at 81 (quoting H.R. Rep. No. 104-369, at 31 (1995)).  Congress enacted the Reform Act to curb abuses by plaintiffs' lawyers in private securities lawsuits.  *Id.* at 81-82 (citing H.R. Rep. No. 105-640, at 10 (1998)).  Chief among those abuses were "nuisance filings, targeting of deep-pocket defendants, vexatious discovery requests, and 'manipulation by class action lawyers of the clients whom they purportedly represent' [that] had become rampant."  *Id.* at 81 (quoting H.R. Rep. No. 104-369, at 31 (1995)).

The Reform Act sought to curb those abuses by "provid[ing] uniform standards for class actions and other suits alleging fraud in the securities market" to discourage frivolous litigation. *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107-08 (2d Cir. 2001). Among its provisions, the Reform Act provides a process for court appointment of a lead plaintiff and lead counsel and limits payment of attorneys' fees and costs. 15 U.S.C. § 77z-1(b)(1). It requires plaintiffs to meet heightened pleading requirements to survive a motion to dismiss. 15 U.S.C. §§ 78u-4(b)(1)-(2). It imposes a mandatory stay of discovery until any motion to dismiss has been resolved. 15 U.S.C. § 77z-1(b)(1).

The Reform Act did not alter the jurisdictional and anti-removal provisions of the Securities Act. The unintended consequence of this oversight was that "[i]t prompted at least some members of the plaintiffs' bar to avoid the federal forum altogether." *Dabit*, 547 U.S. at 82. By 1998, Congress found that plaintiffs were circumventing the Reform Act by "resort[ing] to state court to avoid the new, more stringent requirements of federal cases . . . [and] in an apparent effort to avoid the federal discovery stay or other provisions of the Act." H.R. Rep. No. 105-640, at 10 (1998). These lawyers were "up to their old tricks by circumventing the intent of the law by bringing frivolous class action law suits in state courts rather than Federal court." 144 Cong. Rec. S4778-03 (May 13, 1998) (Statement of Sen. Grams). This trend "represents an undermining of the core reforms that . . . Congress implemented in 1995 because the reform act relied on uniform application and enforcement of the law to be effective." 144 Cong. Rec. H6052-03 (July 21, 1998) (Statement of Rep. Eshoo).

Congress enacted SLUSA in 1998 to "put a stop to the inappropriate use of state courts to circumvent the protections that Congress deemed appropriate in 1995." *Id.* (Statement of Rep. Bliley). The preamble to SLUSA notes the "considerable evidence . . . that a number of securities class action lawsuits have shifted from Federal to State court" and that "this shift has prevented [the Reform Act] from fully achieving its objectives . . . ." Pub. L. No. 105-353, § 2, 112 Stat. 3227 (1998). SLUSA was intended to "address a specific problem created by a loophole" in the Reform Act by "finally guarantee[ing] a single set of standards for securities litigation for nationally traded securities" and "requir[ing] class action lawsuits that involve nationally traded

securities to be heard in Federal court." 143 Cong. Rec. E1007-02 (May 21, 1997) (Statement of Rep. Eshoo). The legislative history is replete with references to this explicit purpose, a selection of which appear in Appendix A.

To achieve these objectives, SLUSA (1) eliminated state court jurisdiction over federal Securities Act covered class actions (15 U.S.C. § 77v(a)) ("Exclusive Jurisdiction Amendment"), and (2) precluded state-law "covered class actions," so that all covered class actions would proceed in federal court ("New Removal Provision"). 15 U.S.C. §§ 77p(b), 77p(c). SLUSA "simply requires that class action lawsuits against nationally traded securities be filed in Federal Court." 144 Cong. Rec. S4778-03 (May 13, 1998) (Statement of Sen. Grams).

Indeed, Congress was so concerned with plaintiffs' end-run around the Reform Act that it gave federal courts broad authority to stay discovery proceedings in the individual actions for which state courts retain jurisdiction. SLUSA authorized "Federal judges to quash discovery in State actions . . . to combat abuse of discovery proceedings in *individual actions that may be brought in State court*." H.R. Rep. No. 105-640, at 11 (1998) (emphasis added); *see also*, 15 U.S.C. § 78u-4(b)(3)(D) (authorizing federal court to stay discovery in state court actions). As the Joint Committee's Explanatory Statement reflects:

> Because circumvention of the stay of discovery of the Reform Act is a key abuse that this legislation is designed to prevent, the Committee intends that [federal] courts use this [stay] provision liberally, ***so that the preservation of State court jurisdiction of limited individual securities fraud claims*** does not become a loophole through which the trial bar can engage in discovery not subject to the stay of the Reform Act.

H.R. Rep. No. 105-640, at 18 (emphasis added).

## ARGUMENT

## I.   ONLY FEDERAL COURTS HAVE JURISDICTION TO HEAR THIS PURPORTED CLASS ACTION.

### A.   SLUSA's Exclusive Jurisdiction Amendment Strips State Courts of Jurisdiction over "Covered Class Actions" Arising Under the Securities Act.

SLUSA's Exclusive Jurisdiction Amendment strips state courts of jurisdiction over "covered class actions" to enforce liabilities created by the Securities Act. The relevant language,

with the Exclusive Jurisdiction Amendment in bold, provides:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter [*i.e.*, the Securities Act] and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, **except as provided in section 77p of this title [i.e., Section 16 of the Securities Act] with respect to covered class actions**, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a).

As a result, state courts retain concurrent jurisdiction only over "individual Securities Act claims and certain group claims" that are not covered class actions. *Hung v. iDreamsky Tech. Ltd.*, No. 15-CV-2514 (JPO), 2016 WL 299034, at *2 (S.D.N.Y. Jan. 25, 2016). Federal courts, on the other hand, have exclusive jurisdiction over "covered class actions," such as this one, that assert claims under the Securities Act.[2] *See iDreamsky*, 2016 WL 299034, at *2; *Lapin v. Facebook, Inc.*, No. C-12-3195 MMC, 2012 WL 3647409, at *2 (N.D. Cal. Aug. 23, 2012) ("federal courts alone have jurisdiction to hear covered class actions raising 1933 Act claims" (quoting *Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009))).[3] The numerous cases that deny remand motions do so precisely on this ground. *See, e.g.*, *id.*[4]

---

[2] This is a "covered class action" as defined in Section 16 of the Securities Act (15 U.S.C. § 77p), because Plaintiff "seek[s] to recover damages on a representative basis on behalf of [himself] and other unnamed parties similarly situated," and alleges that "questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members." 15 U.S.C. § 77p(f)(2)(A)(i)(II); (Compl. ¶¶ 36-40).

[3] For an extensive and recent analysis of the law that compels this conclusion and the flaws in various arguments to the contrary, *see* Mitchell A. Lowenthal & Shiwon Choe, *State Courts Lack Jurisdiction to Hear Securities Act Class Actions, But the Frequent Failure to Ask the Right Question Too Often Produces the Wrong Answer*, 17 U. Pa. J. Bus. L. 739 (2015).

[4] *See also In re Fannie Mae 2008 Sec. Litig.*, Nos. 08 Civ. 7831(PAC), 09 Civ. 1352(PAC), 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009) ("federal courts have exclusive jurisdiction over covered SLUSA class actions alleging claims under the 1933 Act"); *Rovner v. Vonage Holdings Corp.*, No. 07-178 (FLW), 2007 WL 446658, at *3-4 (D.N.J. Feb. 7, 2007) ("Congress replaced concurrent jurisdiction with exclusive federal jurisdiction"); *Pinto v. Vonage Holdings Corp.*, No. 07-0062 (FLW), 2007 WL 1381746, at *2 (D.N.J. May 7, 2007) (SLUSA "divest[ed] state courts of concurrent jurisdiction over covered class actions, regardless of whether they raise state law claims in addition to claims under the Securities Act"); *Rubin v. Pixelplus Co. Ltd.*, No. 06-CV-2964 (ERK), 2007 WL 778485, at *5 (E.D.N.Y. Mar. 13, 2007) ("Indeed, by enacting SLUSA Congress eliminated concurrent jurisdiction for covered class actions, which made federal court the sole venue for securities fraud class actions . . . ."); *In re King Pharm., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004) ("SLUSA amended § 77v(a) to divest state courts of

(Footnote continues on next page.)

1

**B.      Plaintiff Can Offer No Other Plausible Interpretation of SLUSA's Exclusive Jurisdiction Amendment.**

2

3      Plaintiff argues that the Exclusive Jurisdiction Amendment has no substantive effect and

4   "was meant to simply acknowledge that" class actions asserting state-law claims "are precluded

5   by [Section 16]."  (Mot. at 12 (quoting *Rajasekaran v. CytRx Corp.*, No. CV 14-3406-GHK

6   (PJWx), 2014 WL 4330787, at *5 (C.D. Cal. Aug. 21, 2014).)  The courts that have remanded

7   Securities Act claims similarly interpret SLUSA's Exclusive Jurisdiction Amendment—to the

8   extent they address it at all—as solely "pertain[ing] to covered class actions based on state law."

9   *Elec. Workers Local #357 v. Clovis Oncology, Inc.*, No. 16-cv-0933-EMC, --- F. Supp. 3d ----,

10  2016 WL 2592947, at *5 (N.D. Cal. May 5, 2016) ("*Clovis*").

11     According to Plaintiff and the cases upon which he relies, it is significant that when the

12  "except as provided" clause in the Exclusive Jurisdiction Amendment mentions "covered class

13  actions," it refers to Section 16 generally, and not specifically to subsection (f) where the

14  definition of "covered class action" is found.  (Mot. at 12 (quoting *CytRx*, 2014 WL 4330787, at

15  *5).)  They argue that Congress's use of a broad cross-reference was meant to imply something

16  narrower than all "covered class actions" as that term is defined in Section 16.  *See, e.g.*, *Haw.*

17  *Structural Ironworkers Pension Tr. Fund v. Calpine Corp.*, No. 03CV0714-BTM(JFS), 2003 WL

18  23509312, at *3 (S.D. Cal. Aug. 27, 2003); *Niitsoo v. Alpha Nat. Res., Inc.*, 902 F. Supp. 2d 797,

19  805 (S.D. W. Va. 2012).

20

21

_____

(Footnote continued from previous page.)

22

concurrent jurisdiction over covered class actions and to provide for removal of these cases to
23   federal court"); *Wunsch v. Am. Realty Capital Props.*, No. JFM-14-4007, 2015 WL 2183035 (D. Md. Apr. 14, 2015); *Brady v. Kosmos Energy Ltd.*, Nos. 3:12-cv-0373-B, 3:12-cv-0781-B, 2012
24   WL 6204247 (N.D. Tex. July 10, 2012); *Northumberland Cty. Ret. Sys. v. GMX Res., Inc.*, 810 F. Supp. 2d 1282 (W.D. Okla. 2011); *Purowitz v. DreamWorks Animation SKG, Inc.*, No. CV 05-
25   6090 MRP (VBKx), 2005 WL 6794770 (C.D. Cal. Nov. 15, 2005); *Lowinger v. Johnston*, No. 3:05CV316-H, 2005 WL 2592229 (W.D.N.C. Oct. 13, 2005); *Kulinski v. Am. Elec. Power*
26   *Co.*, No. Civ. A.C-2-03-412, 2003 WL 24032299 (S.D. Ohio Sept. 19, 2003) (report and recommendation), *adopted*, slip op. (S.D. Ohio Jan. 7, 2004), ECF No. 31; *Alkow v. TXU Corp.*,
27   Nos. 3:02-CV-2738-K, 3:02-CV-2379-K, 2003 WL 21056750 (N.D. Tex. May 8, 2003); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003).

28

Plaintiff's strained reading of the "except as provided" clause finds no support in the statutory text.  The *only* subsection of Section 16 that could have any bearing on Section 22(a)'s exception to concurrent jurisdiction is the definition of "covered class actions" in Section 16(f).  That definition expressly applies "for purposes of this section"—i.e., the entirety of Section 16.  Commentators have posited that the general reference to Section 16 was simply one of convenience because in the course of drafting SLUSA, the specific lettering of subsection (f) changed repeatedly.  *See* Mitchell A. Lowenthal & Shiwon Choe, *State Courts Lack Jurisdiction to Hear Securities Act Class Actions, But the Frequent Failure to Ask the Right Question Too Often Produces the Wrong Answer*, 17 U. Pa. J. Bus. L. 739, 769 & n. 137 (2015).  Thus, the only sensible reading of Section 22(a)'s reference to covered class actions "as provided in section [16]" is to subsection (f)(2)'s definition.[5]

Plaintiff's argument that the Exclusive Jurisdiction Amendment's "except as provided in [Section 16]" clause only pertains to covered class actions based on state law makes no sense.[6]  As Plaintiff's own cases explain, Section 22(a) "applies only to claims arising under the Securities Act of 1933."  *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  The Exclusive Jurisdiction Amendment's "except as provided" carve-out must have eliminated state courts' concurrent jurisdiction over a *subset* of Securities Act claims.  "But state claims, of course, are not a subset of federal claims, excisable through an exception."  *iDreamsky*, 2016 WL 299034, at *2; *see also Rovner*, 2007 WL 446658, at *4 (the "except as" clause "must apply to some subset of cases that actually arise under the Securities Act").

Moreover, if Congress had intended to limit removal jurisdiction only to claims based on state law, the Exclusive Jurisdiction Amendment would have been unnecessary.  Plaintiff's

---

[5] When Congress meant to reach only covered class actions arising under state law, the statute expressly qualifies that it is referring to covered class actions "based upon the statutory or common law of any State or subdivision thereof" (15 U.S.C. §§ 77p(b), 77p(d)(1)(A)) or references one of those provisions.  *See* 15 U.S.C. §§ 77(c) (referring to §77(b)), 77v(a) (referring to § 77(c) with respect to the removal bar).

[6] The Section 16 subsections that Plaintiff points to are (b) and (c), which deal with the preclusion and removal of state law securities class action claims.

1   argument therefore renders the Exclusive Jurisdiction Amendment—and not just the phrasing, but

2   the underlying decision to amend the affected provision at all—superfluous.  *See, e.g.*,

3   *Northumberland*, 810 F. Supp. 2d at 1287; *Rovner*, 2007 WL 446658, at *4; *Brody*, 240 F. Supp.

4   2d at 1124.  None of the cases cited by Plaintiff cogently explains otherwise.  *See, e.g.*,

5   *Desmarais v. Johnson*, Nos. C 13-03666 WHA, C 13-03668 WHA, 2013 WL 5735154, at *10-11

6   (N.D. Cal. Oct. 22, 2013); *CytRx*, 2014 WL 4330787, at *5.

7           Interpreting SLUSA to have granted exclusive federal jurisdiction over covered class

8   actions asserting claims under the Securities Act gives meaning to every part of SLUSA and the

9   Securities Act, and conforms to its purpose.

10          **C.      Courts Cannot Interpret Federal Statutes to Negate Their Own Stated**
                     **Purposes, as Remand Would Do Here.**
11

12          Plaintiff's sole focus on state-law claims also ignores the purposes of SLUSA.  As the

13   Supreme Court recently held, courts "cannot interpret federal statutes to negate their own stated

14   purposes."  *King*, 135 S. Ct. at 2493.

15          Plaintiff and his authorities do not address this holding.  Indeed some of the cases granting

16   remand recognize that granting remand "would lead to an absurd result that would undermine the

17   principal purposes of SLUSA," but nevertheless apply a presumption against removal to hold that

18   remand is appropriate if the statute is ambiguous.[7]  *Unschuld v. Tri-S Sec. Corp.*, No. 06-CV-

19   02931-JEC, 2007 WL 2729011, at *8 (N.D. Ga. Sept. 14, 2007).  That result is prohibited unless

20   the statutory text compels it.  *See King*, 135 S. Ct. at 2494, 2496 (interpreting a statute that

21   suffered from "inartful drafting," and finding that "[i]f at all possible, we must interpret the Act in

22   a way that is consistent with" Congress's intent "to improve health insurance markets, not to

23   destroy them").

24

25   _____
     [7] *See, e.g.*, *Toth v. Envivio*, No. 12-5636 CW, 2013 WL 5596965, at *2 (N.D. Cal. Oct. 11, 2013)
     (considering language that is "murky at best," "doubts must be resolved against removability");
26   *Cervantes v. Dickerson*, No. 15-cv-3825-PJH, 2015 WL 6163573, at *7 (N.D. Cal. Oct. 21, 2015)
     ("[W]here there are doubts as to whether federal jurisdiction exists, those doubts must be resolved
27   against removability."); *Reyes v. Zynga*, No. 12-05065 JSW, 2013 WL 5529754, at *3 (N.D. Cal.
     Jan. 23, 2013) (same); *Buelow v. Alibaba Grp. Holding Ltd.*, No. 15-cv-0519-BLF, 2016 WL
28   234159, at *4 (N.D. Cal. Jan. 20, 2016) (same).

1   Where statutory language is ambiguous, a court "must turn to the broader structure of the

2   Act to determine the meaning of [the provision]." *King*, 135 S. Ct. at 2493 (citation omitted).

3   Courts in this district have held that the jurisdictional provisions of SLUSA are another example

4   of inartful drafting. *See, e.g.*, *Cervantes*, 2015 WL 6163573, at *4 ("the statutory provisions at

5   issue here . . . cannot be described as a model of clarity"); *Toth*, 2013 WL 5596965, at *2

6   (recognizing that the relevant language is "murky at best" and "careless legislative

7   draftsmanship").

8   As described in detail in the Statutory Background section, Congress enacted SLUSA to

9   ensure that securities class actions are subject to the federal "Uniform Standards" by preventing

10   "***state-court*** litigation of ***class actions*** involving ***nationally traded securities***." *Dabit*, 547 U.S. at

11   82 (emphases added).  As the legislative history demonstrates, Congress intended that SLUSA

12   would achieve uniform application of the Reform Act's protections by making federal courts the

13   exclusive venue for covered class actions.  Moreover, because SLUSA "does not affect individual

14   actions in State courts" (143 Cong. Rec. S10475-01 (Oct. 7, 1997) (Statement of Sen. Dodd)), it

15   gives the federal courts the power to stay discovery in those actions.

16   Plaintiff and his authorities cite to statements in the legislative history concerning

17   Congress's intent to prevent state-law covered class actions from circumventing the Reform Act.

18   (Mot. at 14-15.)  Defendants agree that Congress also intended SLUSA to preclude covered class

19   actions alleging state-law claims.  Defendants dispute, however, that this is the only issue SLUSA

20   addressed.  Both the federal and state amendments were necessary to ensure that uniform

21   application of federal standards is triggered by the nature of the security and use of the class

22   action device.  Nothing cited by Plaintiff purports to set forth an exclusive purpose for SLUSA, or

23   to contradict the express objective of preventing an end-run around the Reform Act.

24   Plaintiff's and the remanding courts' reading of the Exclusive Jurisdiction Amendment

25   and New Removal Provision, on the other hand, is "irreconcilable" with the purposes of SLUSA.

26   *Rovner*, 2007 WL 446658, at *5.  It means that Congress enacted a system whereby state-law

27   securities class actions can be removed to federal court, but class actions that allege only

28   Securities Act claims are consigned to state court.  It also means that federal Securities Act class

1   actions are not guaranteed the Reform Act's protections.  In state court there is a risk that there

2   will be no automatic stay of discovery pending challenges to the pleadings, no lead plaintiff

3   procedure to identify the most capable representative of the class, and no requirement that

4   plaintiffs even set forth their transactions in the security at issue.  *See In re Pac. Biosciences of*

5   *Cal. Inc.*, No. CIV 509210, 2012 WL 1932469 (San Mateo Superior Ct. May 25, 2012).[8]

6        Indeed, Plaintiff's and the remanding courts' interpretation turns SLUSA on its head—

7   rather than providing for uniform standards, they would have identical class actions pending in

8   federal court and in state court and be subject to different pleading standards and discovery

9   burdens, thus allowing plaintiffs to once again evade the protections of the Reform Act.  As *Knox*

10  explained,

> SLUSA was intended to curtail the proliferation in state courts of
> securities fraud class actions (federal or state) beyond the reach of
> the [Reform Act]'s heightened pleading standards.  Instead, the
> constricted approach threatens to spawn federal securities fraud
> class actions in state courts where they could proceed under the
> [Reform Act's] radar.  That bizarre result would shift the center of
> gravity of federal securities fraud class actions under the 1933
> [Securities] Act from federal to state courts.

16  613 F. Supp. 2d at 423; *see also Reyes*, 2013 WL 5529754, at *3 ("[G]iven the intent of SLUSA

17  it just makes no sense to prohibit the removal of federal securities class actions to federal court.").

18  "It is implausible that Congress meant the Act to operate in this manner."  *King*, 135 S. Ct. at

19  2494.

20        A number of the cases cited by Plaintiff candidly recognize that the outcome that they

21  reach is illogical.  For example, in *W. Va. Laborers Tr. Fund v. STEC Inc.*, the court remanded

22  but acknowledged that its "interpretation may produce strange results whereby class actions based

23  on state law are removable, while class actions based on the Securities Act are not removable."

24  No. SACV 11-01171-JVS (MLGx), 2011 WL 6156945, at *3 (C.D. Cal. Oct. 7, 2011).  Similarly,

25  in *W. Palm Beach Police Pension Fund v. Cardionet, Inc.*, the court noted that its result was

26  _____

[8] Per California Rule of Court 2.30(B)(3), securities claims or investment losses involving many
parties are provisionally designated as complex.  The San Mateo Superior Court has one judge
assigned as the Court's Complex Civil Litigation Judge.  *See*
http://www.sanmateocourt.org/court_divisions/civil/complex_civil_litigation.php.

"counterintuitive."  No. 10CV711-L(NLS), 2011 WL 1099815, at *2 (S.D. Cal. Mar. 24, 2011).

Thus, under Supreme Court authority, the ambiguity that courts in this district have asserted in granting remand compels the opposite result so as to effectuate the purposes of SLUSA.

## II.   BECAUSE STATE COURTS LACK JURISDICTION OVER COVERED CLASS ACTIONS ASSERTING SECURITIES ACT CLAIMS, THE REMOVAL BAR DOES NOT APPLY.

### A.   The Removal Bar Does Not Apply to Securities Act Covered Class Actions.

The courts that have granted remand focus primarily on the Removal Bar in the last sentence of Section 22(a) (*see* Mot. at 5-10), but the Removal Bar is inapplicable.  It states that "no case arising under this subchapter and brought in any State court *of competent jurisdiction* shall be removed to any court of the United States."  15 U.S.C. § 77v(a) (emphasis added).

As described in Section I, *supra*, state courts are no longer "court[s] of competent jurisdiction" for federal Securities Act "covered class actions" because SLUSA's amendment to the first sentence of Section 22(a) divested them of concurrent jurisdiction.  *See Knox*, 613 F. Supp. 2d at 423 (citation omitted).

The Removal Bar, therefore, does not address the removability of federal Securities Act class actions.  Rather, it addresses the subset of Securities Act claims over which state courts retain concurrent jurisdiction: "individual Securities Act claims and certain group claims" that are not "covered class actions."  *iDreamsky*, 2016 WL 299034, at *2; *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 98 (2d Cir. 2004) ("SLUSA did not in any way alter Section 22(a)'s bar on the removal of *individual* Securities Act claims").

### B.   Plaintiff's Reliance on *Kircher* and *Luther* Is Misplaced.

Plaintiff relies on the Supreme Court's decision in *Kircher* and the Ninth Circuit's decision in *Luther* in arguing that remand is required under the Removal Bar.  (Mot. at 8, 12-13.) Plaintiff, however, mischaracterizes the analysis and holding of both cases.  Neither case addressed covered class actions arising under the Securities Act—the only type of claims at issue here—or the Exclusive Jurisdiction Amendment, which governs such claims.  In denying remand of similar Securities Act claims, the *Lapin* court considered both *Kircher* and *Luther* and

1    concluded that "[n]either the Supreme Court nor any Circuit Court of Appeals has determined

2    whether, under SLUSA, a defendant may remove from state court a class action complaint

3    alleging claims brought under the 1933 Act." *Lapin*, 2012 WL 3647409, at *2.

4         Securities Act claims were not at issue in *Kircher*. As the Supreme Court said: "The

5    eight complaints asserted ***only state-law claims***, such as negligence and breach of fiduciary duty."

6    *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 637 (2006) (emphasis added). Thus, *Kircher* did not

7    address whether federal courts have exclusive jurisdiction over those "covered class actions" that

8    assert claims under the Securities Act. Nor did *Kircher* address whether removal of such actions

9    is proper, let alone whether remand of such actions is required. Indeed, *Kircher*'s only holding

10   was that an order remanding ***state-law claims*** removed under Section 16(c) is not appealable. *Id.*

11   at 635-36; *see also Lapin*, 2012 WL 3647409, at *2 n.4 (explaining that *Kircher* "addressed the

12   provisions of SLUSA allowing removal of class actions alleging claims brought under state

13   law").

14        *Luther* also did not address the removal and remand issues at stake here. Rather, *Luther*

15   involved the Class Action Fairness Act ("CAFA") and the limited issue of whether CAFA's

16   "general grant of the right of removal of high-dollar class actions . . . trump[s] § 22(a)'s specific

17   bar to removal of cases arising under the Securities Act of 1933." 533 F.3d at 1034. Thus, the

18   Ninth Circuit's *only* holding was that CAFA does not trump Section 22(a)'s anti-removal

19   provision. *Id.*; *see also, Lapin*, 2012 WL 3647409, at *2 n.4 (explaining that in *Luther*, "the

20   Ninth Circuit did not consider SLUSA, because the parties thereto agreed that SLUSA was not

21   applicable in light of the type of security at issue therein"). When defendants in *Luther* later

22   sought to raise the SLUSA Exclusive Jurisdiction Amendment after remand, the District Court

23   recognized that the issue had not previously been addressed by the Ninth Circuit because

24   defendants "did not raise a SLUSA issue (removal or jurisdictional) [in the remand proceedings];

25   nor did they raise it before the Ninth Circuit." *Luther v. Countrywide Fin. Corp.*, No. CV-09-

26   06162-MRP (JWJx), 2009 WL 3271368, at *1 (C.D. Cal. Oct. 9, 2009). CAFA, the statute that

27   *Luther* did address, is not at issue here.

28

1  **III.   COURTS THAT REMAND BASED ON UNCERTAINTY HAVE IT EXACTLY BACKWARDS; ANY UNCERTAINTY PRECLUDES REMAND.**

2

3          This action is within the original jurisdiction of this Court because Plaintiff asserts claims

4  arising under federal law.  28 U.S.C. § 1331; (Compl. ¶ 2).  Because this Court has original

5  jurisdiction over this action under 28 U.S.C. § 1331, it is removable under 28 U.S.C. § 1441.

6          Plaintiff incorrectly asserts that Defendants bear the burden to overcome a strong

7  presumption against removal and that any doubt must be resolved in his favor.  (Mot. at 4-5.)

8  Where, as here, federal courts have original jurisdiction, "the burden is on a plaintiff to find an

9  express exception" to removal.  *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698

10  (2003) (affirming denial of remand in a case removed under § 1441).

11          Courts in this District have improperly employed a presumption against removal to

12  remand Securities Act claims.  *See, e.g.*, *Clovis*, 2016 WL 2592947, at *2-3 (holding that

13  defendant "bears the burden of proving that this action belongs in federal court" and that

14  "Plaintiff does not have the burden of establishing an 'express exception' to removal").

15          But shifting the burden to defendants directly contradicts controlling authority.  In *Breuer*,

16  the Supreme Court rejected application of this "strict construction of removal legislation,"

17  holding that it does not apply when federal courts have original jurisdiction.  538 U.S. at 697.

18  "[W]hatever apparent force [Plaintiff's] argument might have claimed when *Shamrock* was

19  handed down," it no longer applies since an amendment to Section 1441 requires "any exception

20  to the general removability rule to be express."[9]  *Id.* (citations omitted).  "Since 1948, therefore,

21  there has been no question that whenever the subject matter of an action qualifies it for removal,

22  the burden is on a plaintiff to find an express exception."  *Id.* at 698.[10]  *See also Madden v. Cowen*

23  ─────────────

24  [9] The presumption against removal urged by Plaintiff is derived from *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  Plaintiff relies on *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); and *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); all of which cite to *Shamrock Oil*.  Plaintiff also relies on *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), which cites *Libhart*, and on *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009), which in turn cites *Gaus*.  (*See* Mot. at 4-5.)

25

26

27  [10] The *Clovis* court attempts to distinguish *Breuer* on the grounds that there was no exemption on the face of the statute at issue in *Breuer*.  *See* 2016 WL 2592947, at *10 n.2.  That begs the

28  (Footnote continues on next page.)

1  & Co., 576 F.3d 957, 974 (9th Cir. 2009) ("defendant bears the burden of proving any

2  prerequisites to federal jurisdiction, while the plaintiff bears the burden of proving the existence

3  of any 'exceptions' to the exercise of jurisdiction that 'otherwise exists'") (citing Serrano v. 180

4  Connect, Inc., 478 F.3d 1018, 1020 & n.3 (9th Cir. 2007)).

5      The controlling cases relied upon by Plaintiff are not contrary.  Plaintiff quotes Luther for

6  the strict construction against removal and the proposition that any doubt should be resolved in

7  his favor.  (Mot. at 4.)  But he omits the next two sentences, which hold that a plaintiff "has the

8  burden to prove that an express exception to removal exists" and which then address Section

9  22(a) as such an exception (with respect to non-covered class actions).  533 F.3d at 1034 (citing

10  Breuer, 538 U.S. at 698).  Plaintiff also relies heavily on Gaus, which explains that the

11  presumption is jurisdictional.  (Mot. at 4-5.)  Gaus involved claims brought under state law, for

12  which the only purported basis of federal jurisdiction was diversity, yet the amount-in-

13  controversy prerequisite was uncertain.  Gaus, 980 F.2d at 567 (explaining that "defendant bears

14  the burden of actually proving facts to support jurisdiction").  Plaintiff cites no authority for

15  applying the presumption against removal to federal claims removed under Section 1441, for

16  which the federal court has a clear basis of original jurisdiction.

17      Plaintiff, therefore—not Defendants—bears the burden on this motion to demonstrate an

18  exception to federal jurisdiction.

19  **IV.    THE LACK OF CONTROLLING AUTHORITY WEIGHS IN FAVOR OF
        DENYING REMAND.**

20

21      Courts in this district that have granted remand of Securities Act class actions have

22  lamented—and in some cases, relied on—the lack of appellate authority on this issue.  See, e.g.,

23  Cervantes, 2015 WL 6163573, at *7 (resolving doubts in favor of remand "[g]iven the lack of

24  clear authority from the Supreme Court or the Ninth Circuit (or any Circuit) on this issue");

25  (Footnote continued from previous page.)

26  question.  There is an exception to removal in Section 22(a) for individual claims, but the
    question before the Court is whether Section 22(a) creates an exception to removal for covered

27  class actions.  Plaintiff bears the burden to demonstrate that the exception applies here,
    notwithstanding the amendment of Section 22(a), and that burden cannot be satisfied by assuming

28  that the exception exists.

1    *Desmarais*, 2013 WL 5735154, at *5 ("The remand issue is a recurring question that deserves to

2    be answered by the appellate courts."); *Clovis*, 2016 WL 2592947, at *6 n.4 ("This precise issue

3    has not been squarely addressed by appellate courts in this country due to the appellate review

4    restrictions on remand orders within the removal statute.").

5          Defendants dispute that an order granting remand is necessarily unreviewable.  But there

6    is certainly no bar to the appeal of an order *denying* a motion to remand.  *See Merrill Lynch,*

7    *Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016) (affirming circuit court's

8    reversal of order denying motion to remand).  Accordingly, Defendants respectfully submit that

9    the uncertain state of the law weighs in favor of denying Plaintiff's motion to remand.

## CONCLUSION

11        For the foregoing reasons, the Court should deny Plaintiff's motion to remand and allow

12   this action to remain in federal court where it belongs.[11]

14   Dated: June 2, 2016                    ANNA ERICKSON WHITE
                                            ROBERT L. CORTEZ WEBB
15                                          SU-HAN WANG
                                            MORRISON & FOERSTER LLP

17                                          By:  */s/ Anna Erickson White*
                                                 ANNA ERICKSON WHITE
18

19                                          *Attorneys for Defendants*
                                            *Sunrun Inc., Lynn Jurich, Bob Komin, Edward*
20                                          *Fenster, Jameson McJunkin, Gerald Risk,*
                                            *Steve Vassallo, Richard Wong, Beau Peelle,*
21                                          *Eren Omer Atesmen, Reginald Norris, William*
                                            *Elmore, Foundation Capital VI, L.P., and*
22                                          *Foundation Capital Management Co. VI, LLC*

---

[11] For all the same reasons, Plaintiff's request that the Court permit an application for attorney's fees should be denied as well.

**Appendix A**

**<u>SLUSA Legislative History</u>**

"'[T]he bill generally provides that class actions can be brought only in Federal Court where they will be governed by federal law.'"

> *144 Cong. Rec. S4778-03 (May 13, 1998) (Statement of Sen. D'Amato) (quoting letter from Arthur Levitt, SEC Chairman, et al. to Senator D'Amato, Chairman of the Senate Banking Committee, et al. dated March 24, 1998).*

"[T]he legislation would provide for the shifting of securities lawsuits filed in state court into the more appropriate federal court."

> *144 Cong. Rec. S4778-03 (May 13, 1998) (Statement of Sen. Feinstein).*

"[SLUSA] would permit a defendant, whether a company or individual, who is sued in state court to proceed into federal court.  This legislation would in effect require that every large securities class action be brought into federal court."

> *144 Cong. Rec. S4778-03 (May 13, 1998) (Statement of Sen. Feinstein).*

"[T]he efforts to effectively nullify [the Reform Act] by bringing such suits in state courts must be halted, which this legislation does by requiring all class action suits of this type be brought in federal courts. . . . Moving all class action securities lawsuits to federal court should lead to the creation of a more favorable, stable climate for businesses while preserving important remedial means for shareholders with legitimate complaints about inappropriate corporate activities."

> *144 Cong. Rec. S4778-03 (May 13, 1998) (Statement of Sen. Kerry).*

"The thrust of this legislation is to say that the traditional class action lawsuit should no longer be available at the State court level."

> *144 Cong. Rec. S4778-03 (May 13, 1998) (Statement of Sen. Bryan).*

"If the alleged violation is national and it is filed on behalf of a class, then the case should be brought in Federal court. . . . This legislation will put a stop to the inappropriate use of state courts to circumvent the protections that Congress deemed appropriate in 1995.  [It] will not prevent individual claims from being filed in state courts . . . ."

> *144 Cong. Rec. H6052-03 (July 21, 1998) (Statement of Rep. Bliley).*

"[T]his legislation will make federal courts the exclusive venue for large-scale securities fraud lawsuits involving [covered] securities . . . ."

> *144 Cong. Rec. H6052-03 (July 21, 1998) (Statement of Rep. Cox).*

APPENDIX TO SUNRUN DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND
CASE NO. 3:16-CV-02570-WHA
sf-3660763

1

"The migration to State courts is not a minor problem.  It represents an undermining of the core reforms that this Congress implemented in 1995 because the reform act relied on uniform application and enforcement of the law in order to be effective."

> 144 Cong. Rec. H6052-03 (July 21, 1998) (Statement of Rep. Eshoo).

"The premise of this legislation is simple:  lawsuits alleging violations that involve securities that are offered nationally belong to Federal court."

> 144 Cong. Rec. H11019-01 (Oct. 13, 1998) (Statement of Rep. Bliley).

"[SLUSA] makes Federal court the exclusive venue for most securities class action lawsuits.  The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court."

> H.R. Conf. Rep. No. 105-803, at 13 (1998) (Joint Explanatory Statement of the Committee of Conference).

"[T]he uniform standards provided by this legislation state that class actions generally can be brought only in Federal court, where they will be governed by Federal law . . . ."

> Presidential Statement on Signing the Securities Litigation Uniform Standards Act of 1998, 1998 U.S.C.C.A.N. 767.

APPENDIX TO SUNRUN DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND
CASE NO. 3:16-CV-02570-WHA
sf-3660763

2

1

## CERTIFICATE OF SERVICE

2

3

    I hereby certify that on June 2, 2016, I electronically transmitted the attached

4

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

5

Notice of Electronic Filing to all CM/ECF registrants.

6

7

                      /s/*Kenneth L.P. MacCardle*

8

                     **Kenneth L.P. MacCardle**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPENDIX TO SUNRUN DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND
CASE NO. 3:16-CV-02570-WHA
sf-3660763

3